I do not perceive that distinct causes of action are united in this complaint, as the defendants have alleged, and the supreme court have determined. The tenancy created by the original contract between the defendant's testator and those represented by the plaintiff was to continue until the parties to it, one or both, elected to terminate the demise, by giving the half year's notice prescribed by law. If, after the close of the first year, the lessee rightfully remained in possession, it was not by virtue of a new demise, but by force of the old one. That he continued, under a contract for the possession *Page 496 
of some kind, must be and is admitted; otherwise, the occupation would be tortious, and the tenant holding over could have been ousted at any time at the election of the landlord. No such right upon the part of the lessor is pretended. The supposition of a new agreement, made at the commencement of the second year, for a continuance of the tenancy, is not only untrue in fact, but in this case conflicts with the allegations of the complaint which are admitted by the demurrer. The plaintiff there avers "that the testator hired and rented the farm for the term of one year, and an indefinite period thereafter." There was therefore but one contract, and we are not at liberty to suppose another. For although the law will sometimes tolerate a fiction, it is always in aid of, and never to the prejudice of the right of a party. InLegg v. Strudwick, (2 Salk. 414,) it was adjudged in reference to a lease of this description, "that it was a lease for a year certain, and that every year after, it was a springing interest arising upon the first contract, and parcel of it;
and that the lessor might avow as for rent due upon an entire lease, and not for a several rent, due upon several leases, accounting each year a new lease." In a note in Bacon'sAbridgment, (Lease, L. p. 626,) it is said, "that notwithstanding the puzzle in the books respecting these running leases, the law is now considered settled agreeably to the case of Legg v. Strudwick. They are leases for one, two and more years certain, according to the form of the lease, depending for their further continuance upon the will of the parties. And that such will be their will, the law presumes, unless the contrary be evidenced by a regular half year's notice, that the tenant continuing in possession is not a tenant at will, but a tenant for years."
The doctrine of these authorities, when analyzed, amounts to this; that when a tenancy from year to year is created by the agreement of the parties, it continues until terminated by a legal notice. The estate does not depend upon a continuance of possession; for the tenant cannot put an end to the tenancy, or his liability for rent, by withdrawing from the occupancy of the premises. The notice is a condition of the contract, in the language *Page 497 
of these authorities, arising out of it, which must be complied with, in order to absolve him from further responsibility.
If this view is correct, there is no misjoinder of distinct causes of action in the case before us. The testator had manifested his election, that the lease should not terminate during the year succeeding his death; and was, as we have seen, liable for the rent of the year 1842. After his decease, in April, his executors, as such, entered into possession. They were under no obligation to put an end to an interest which the decedent had deemed beneficial, and which they as his representatives thought advantageous to his estate. They would have violated a plain duty, as trustees of the property, by relinquishing by their own act a valuable lease, without any equivalent. They therefore continued, as the representatives of the testator, to occupy the lands during the period in which the rent accrued for which this action is brought. This is distinctly averred in the complaint. And having as trustees and executors rightfully received the profits of the demised premises, they are liable in that character to the payment of the rent.
The second cause of demurrer, viz., that the complaint did not state a cause of action, is consequently untenable. The current year, according to the terms of the lease stated in the complaint, would expire on the first of April. To terminate the tenancy the lessee must have given, six months previously, notice of his intention to do so, or the lease would continue another year. The testator died in the month of April, 1841, without having given any notice whatever, and of course his liability for the rent of that year had its inception, in any view of the case, in the lifetime of the lessee, and when that time expired, became a debt properly chargeable against his estate. The supreme court accordingly placed their decision upon the first cause of demurrer, which is obviously the only one deserving consideration.
The judgment of the supreme court at general term must be reversed, and that of the special term affirmed. *Page 498