16  177
18ap304

JOHN G. HOWARD, RESPONDENT, v. MARGARET HEIN-
ERSCHIT, APPELLANT.

*Executor — liability of, on lease to his testator — when legatee liable for rent.*

A testator left all his property, both real and personal, to his wife, the defendant, and appointed her sole executrix. At the time of his death he was the lessee of certain premises, the lease having one year to run. After his death, the defendant continued to occupy a portion of the demised premises as a place of business, and sub-let the remainder thereof for her own profit.

*Held*, that by these acts she elected to hold the premises as legatee and not as executrix, and that she was personally liable for the rent subsequently accruing.

An executor is liable, as such, upon the covenants contained in a lease, exe-cuted by his testator, whether he enters into possession of the demised pre-mises or not; but if he does enter into possession, he thereby becomes personally liable, upon such covenants, as an assignee of the lease.

APPEAL from a judgment in favor of the plaintiff, entered upon the trial of the action by the court without a jury.

The action was brought to charge the defendant, personally, with the payment of rent accrued upon a lease executed by her deceased husband. Her husband left a will giving to the defend-ant all his estate, both real and personal, and appointing her sole executrix thereof. At the time of his death he was the lessee of the premises in question, under a lease which had been extended

from May 1, 1875, to April 30, 1876, by which he had covenanted to pay $2,000 a year in monthly instalments. The justice found "that said defendant occupied the demised premises under the said lease and said extension thereof, from the time of the death of said John Heinerschit until the end of said term, April 30, 1876 ; that she used a portion of said premises as her residence ; that she also carried on business as a licensed liquor dealer therein ; that she sub-let portions of said premises and received rent therefrom."

*Jesse Johnson*, for the appellant.

*George C. Blanke*, for the respondent.

GILBERT, J.:

The rule at common law was that for rent, which was in arrear in the testator's life-time ; the executor was liable merely in that character. As the testator's debt he could be sued for it in the *detinet* only, and to such action he might plead that he had fully administered ; whereas for the subsequent rent the executor was in general personally responsible. If he entered on the demised premises, as by his office he was bound to do, the lessor might charge him in the *debet* and *detinet* for the rent incurred subsequently to his entry. (Toll. Ex'rs, b'k 3, ch. 2, § 3 ; W'ms Ex'rs, part 4, b'k 2, ch. 1, § 2 ; Tay. L. & T., § 332 ; Platt on Leases, 381.) The principal was that the executor was liable, as such, upon the covenants contained in the lease, whether he entered or not ; but if he entered upon the demised premises he became liable as assignee ; in other words, that for the debts of the testator, the executor was liable in his representative capacity only, but for debts incurred by him after the death of the testator, he was liable personally, although such debts were incurred for the benefit of the estate. I cannot find that this rule of the common law has been changed by statute, and it could be changed in no other way. (See W'ms Ex'rs, *supra*, and cases in notes to sixth Am. ed.) Such a rule works no hardship on the executors. The term is assets in his hands. The presumption is that it is of some value beyond the rent. In that case the executor can convert it into

money. If it has no value, the executor can avoid personal liability by refusing to enter, and in the latter event he will be liable only in his representative capacity upon the covenants contained in the lease. The case of *Pugsley* v. *Aiken* (11 N. Y., 494), is not in conflict with that rule, for the question in that case was whether the executors were liable in their representative capacity. They were sued upon the covenants of the testator, contained in a lease whereby a tenancy from year to year was created, and which had not been terminated by them by a legal notice. The question whether the entry of the executors made them personally liable was not involved in the case. The remark of Judge ALLEN, that the rent reserved was not chargeable upon the executors in their own right, was proper, for the reason stated by him, namely, that " they could not retain the possession for their own benefit," and it meant nothing more than that if the executors paid the rent voluntarily or compulsorily they would be entitled to be reimbursed out of the assets in their hands.

I am of opinion that the defendant is liable upon another ground. The facts found by the court below show that she entered not as executrix, but as legatee. The term was given to her, and she occupied a portion of the demised premises as a place of business until the tenancy ceased, and during that time also she sub-let the residue thereof for her own profit. These acts were unequivocal manifestations of her election to hold the demised premises as legatee and not as executrix. (W'ms. Exrs., part 3, bk. 3, ch. 4, § 3.) The term in this lease was personal estate, and vested in the executrix, but her interest as executrix was not an absolute one. It was temporary and qualified. She was not entitled in her own right, but *in auter droit*, in right of the deceased. When she elected to take the term as legatee the title vested in her, and her liability for the rent which thereafter accrued followed. (Toll. Exrs., bk. 2, ch. 1; *Hudson* v. *Reeve*, 1 Barb., 89.)

The judgment must be affirmed, with costs.

BARNARD, P. J., and DYKMAN, J., concurred.

Judgment affirmed, with costs.