HENRY S. ORR et al., as Executors and Trustees under the Will of JOHN C. ORR, Deceased, Respondents, v. DOUBLEDAY, PAGE AND COMPANY, Appellant.

**Landlord and tenant — renewal of lease — when notification of intention to renew sufficient — acknowledgment not essential to its operation — new lease not necessary.**

Where a tenant holding a lease of premises for ten years, which he was prohibited from assigning, with an option of renewal, gave due notice to trustees under the will of its lessor, who was deceased, of its intention to renew the lease for another term of ten years with the understanding that such notice would be withdrawn if the court consented to accept a transfer of the lease to another party, in which event the landlord was to consent to an assignment thereof, and some months thereafter demanded an acknowledgment of the receipt of such notice, it must be held that it was the withdrawal of the notification and not the taking of the new term which was conditioned upon the approval of the court and the consent of the lessors. There was nothing to be acted upon by them, and where the conditions permitting the annulment of the notification never existed the notification remained. The notice was complete and absolute, whether or not the lessors acknowledged it, and acknowledgment was not essential to its inception and operation. The exercise of the option of renewal by the tenant perforce extended the term of the lease for the additional term of ten years, the last half of which was to take effect at the termination of the first and, therefore, a new lease for the additional years was not necessary. (*Poel* v. *Brunswick-Balke-Collender Co.*, 216 N. Y. 310, distinguished.)

*Orr* v. *Doubleday, Page & Co.*, 172 App. Div. 96, affirmed.

(Argued March 20, 1918; decided April 23, 1918.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered April 3, 1916, affirming a judgment in favor of plaintiffs entered upon a verdict directed by the court.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Dean Emery, Frederick R. Kellogg* and *Earle L. Beatty* for appellant. The writings relied on by the plaintiffs were not binding renewals. The letter of March 29, 1911, was nothing more than a counter proposition. (*Ganss* v. *Petroleum Co.*, 125 App. Div. 760; *Insurance Co.* v. *Rhea*, 123 Fed. Rep. 9; *Standiford* v. *Thomson*, 135 Fed. Rep. 991; *Sizer* v. *Clark*, 116 Wis. 534; *Ames* v. *Coal Co.*, 230 Ill. 469; *Pease* v. *Kettle*, 56 W. Va. 269; *John* v. *Ellurs*, 63 W. Va. 158; *Chicago, etc., R. R. Co.* v. *Dane*, 43 N. Y. 240; *Hamilton* v. *Patrick*, 62 Hun, 74; *Quick* v. *Wheeler*, 78 N. Y. 300.) The letter of October 28, 1912, is insufficient as a notice of renewal. Moreover, that letter was incompetent and its admission in evidence was error. (*Poel* v. *Brunswick, etc., Co.*, 216 N. Y. 310; *Hough* v. *Brown*, 19 N. Y. 112; *McDonald* v. *Met. St. Ry. Co.*, 167 N. Y. 66; *Thurman* v. *Wells Fargo & Co.*, 18 Barb. 500; *Dougherty* v. *Hunter*, 54 Penn. St. 380; *Martin* v. *Farnsworth*, 49 N. Y. 555; *Banks* v. *Aymar*, 3 Hill, 262; *Woodruff* v. *Rochester, etc., R. R.*, 108 N. Y. 39; *Chicago & N. W. R. R.* v. *James*, 22 Wis. 197; *Walworth Co. Bank* v. *Farmers, etc.*, 14 Wis. 197; Morawetz on Corp. §§ 58–61, rule 5; *Dobney* v. *Stevens*, 40 How. Pr. 341; 66 N. Y. 681; *Olcott* v. *Tioga R. R. Co.*, 27 N. Y. 557; *Niagara* v. *Bachmann*, 66 N. Y. 262; *Alexander* v. *Cauldwell*, 83 N. Y. 485; *Knight* v. *Lancy*, 4 E. D. Smith, 381; *Wilson* v. *Kings County Elevated R. R. Co.*, 114 N. Y. 487.) Even had defendant's two letters amounted to an election to renew, plaintiffs could not sue for rent accrued during the renewal period, their remedy being an action for breach of a contract to renew. (*Hausauer* v. *Dahlman*, 72 Hun, 607; Taylor on Landl. & Ten. § 352; Underhill on Landl. & Ten. §§ 803, 810; *Swan* v. *Inderlied*, 187 N. Y. 372; *Niederstein* v. *Cusick*, 178 N. Y. 543; *Kolasky* v. *Michels*, 120 N. Y. 635; *Crawford* v. *Kastner*, 63 How. Pr. 90; *Piggot* v. *Mason*, 1 Paige, 412.) The alleged renewal was

invalid under the Statute of Frauds. (*Crouse* v. *Frothingham*, 97 .N. Y. 105; *Talamo* v. *Spitzmiller*, 120 N. Y. 37; *Durand* v. *Curtis*, 57 N. Y. 7; *Hess* v. *Martin*, 36 Misc. Rep. 541; *Emery* v. *Boston Terminal Co.*, 178 Mass. 172; *Crawford* v. *Wick*, 18 Ohio St. 190; *Ward* v. *Hasbrook*, 169 N. Y. 407; *Rosen* v. *Rose*, 13 Misc. Rep. 565; *Long* v. *Stafford*, 103 N. Y. 274; *Probst* v. *Laundry Co.*, 171 N. Y. 584; *Bailey* v. *Plaut*, 11 Misc. Rep. 30.)

*Alfred B. Cruikshank* for respondents. Under the agreement for renewal contained in the lease, a new lease was not necessary to such renewal. The tenant's notice of ˙election to renew operated automatically to renew the lease and to extend the term thereof for ten additional years. (*Hausauer* v. *Dahlman*, 72 Hun, 607; *Chretien* v. *Doney*, 1 N. Y. 419; *Pugsley* v. *Aikin*, 11 N. Y. 494; *House* v. *Burr*, 24 Barb. 525; *Kelso* v. *Kelly*, 1 Daly, 419; *Decker* v. *Gaylord*, 8 Hun, 110; *Sherwood* v. *Gardner*, 2 City Ct. Rep. 64; *Chamberlain* v. *Dunlop*, 126 N. Y. 45; *Voege* v. *Ronalds*, 83 Hun, 114; *Clendinning* v. *Lindner*, 9 Misc. Rep. 682; *Bogan* v. *Wright*, 22 Misc. Rep. 94; *Kelly* v. *Varnes*, 52 App. Div. 100; *Probst* v. *Rochester S. L. Co.*, 171 N. Y. 584; *Swan* v. *Inderlied*, 187 N. Y. 372; *Mattlage* v. *McGuire*, 59 Misc. Rep. 28; *Finn* v. *Krieger Shoe Co.*, 155 N. Y. Supp. 424.) The notice of March 29, 1911, was valid and sufficient in form on its acceptance by plaintiffs to operate as a renewal of the lease. (*Chamberlain* v. *Dunlop*, 126 N. Y. 45; *Sheppard* v. *Rosenkrans*, 109 Wis. 58; *Ludington* v. *Garlock*, 29 N. Y. S. R. 600.) Defendant confirmed the renewal notice over seventeen months afterwards by its second letter of October 28, 1912, which was binding on defendant as a confirmation of the original notice. (*Hall* v. *Herter*, 90 Hun, 280; 157 N. Y. 694; *Leslie* v. *Knickerbocker Life Ins. Co.*, 63 N. Y. 27; *Farmers Bank* v. *Butchers Bank*, 16 N. Y. 125; *Credit*

*Co.* v. *Howe Machine Co.*, 54 Conn. 357; *Deutz Lith. Co.* v. *Int. Ry. Co.*, 32 Misc. Rep. 687; *Leslie* v. *K. Ins. Co.*, 63 N. Y. 27; *N. R. Bank* v. *Aymar*, 3 Hill, 262.)

COLLIN, J. The action is to recover rent accruing through the months of November and December, 1914, and January, 1915. Upon the trial, a verdict in favor of the plaintiffs was directed. The consequent judgment was affirmed by the Appellate Division. We are to determine whether or not the evidence presented an issue of fact; in reviewing it we must give the defendant the advantage of all the facts properly presented and of every favorable inference that can be reasonably drawn.

The defendant, a domestic corporation, as the tenant, and John C. Orr, the plaintiffs' testator, as landlord, entered into a written lease of the premises in question, 133–135–137 East Sixteenth street, Manhattan, New York city, for a period beginning on November 1, 1904, and expiring October 31, 1914, " with the privilege to said tenant of a renewal for another term of ten (10) years, upon the same terms as are contained herein. But should said tenant elect to renew the within lease for said term of ten (10) years, then and in that event it will, by a notice in writing notify said landlord, his heirs or assigns, at least ninety days prior to the expiration of the term hereby created, of such intention to renew said lease." The tenant was prohibited from assigning the lease. The judgments thus far have held the defendant liable, as a matter of law, for the rent for the additional or renewal period of ten years.

Prior to January, 1911, the defendant had removed its establishment and plant to premises of its own and desired to be free of the obligations of the lease. Prior to March 29, 1911, negotiations having that end in view were had between the defendant, the plaintiffs and their attorney and the Irving Place Leasing Company as a

27

potential tenant in the stead of the defendant. Propositions were discussed, a statement of which is not essential to the clarity of our decision or the reasons for it. During the negotiations and on March 29, 1911, the defendant notified in writing the plaintiffs as follows: " Under the terms of our lease of the 16th Street building, we have the right to renew for a period of ten years on the same terms. We hereby notify you that it is our intention to take advantage of our rights and renew for a period of ten years, beginning November 1st, 1914, terminating October 31st, 1924, with the understanding that this notice is to be withdrawn if the Court consents to accept the transfer of the lease now in course of negotiation to the Irving Place Leasing Company, in which event the Estate of John C. Orr is to consent to the assignment of our lease to the Irving Place Leasing Company as per agreements now pending." There was no further action of importance until that of October 28, 1912, consisting of a letter from the defendant to the plaintiffs, which said: " On or about March 29, 1911, we notified you of our intention to renew the lease for the property at 133 East 16th Street for a period of ten years, taking advantage of the option given us in our lease. The second term begins November 1st, 1914. The present tenant of the building, the Irving Place Leasing Company, desire to give to a prospective tenant a five year lease for the fifth floor of the building, and have requested us to give them the lease for the second term, namely, from November 1st, 1914, to November 1st, 1924. Won't you please send us communication acknowledging receipt of our notice to you of our intent to take advantage of this option?  *  *  *."

The majority of my brethren sitting in the case have concluded that the notification of March 29th was, within the provision of the lease, the notification by the defendant to the plaintiffs of its intention to renew the

lease for the additional ten years, and not, as the appellant asserts, an independent proposal to renew it on new terms, which would have effect only upon an acceptance of them declared by the plaintiffs. The language of the notification is direct, unequivocal and conclusive. The acts of or the circumstances surrounding the parties could not make the meaning of it determinable by the jury, and the rulings of the court based upon such holding were not erroneous. It expressed and gave notice of the intention to renew the lease. The intention and its expression were absolute and unconditional. The defendant did not propose a change in or addition to the terms contained in the lease. It reserved or retained the right to withdraw or annul the intention and notification in case the events expressed in the letter occurred, and that was the right which was conditional. The defendant stipulated to withdraw the notification only if the court approved the transfer of the lease and the plaintiffs consented to its assignment. It was the withdrawal of the notification, and not the taking of the new term, which was conditioned upon the approval of the court and the consent of the plaintiffs. The notification contained no offer for the plaintiffs to accept or reject. It proposed no new term or condition to be acted upon by them. It, in effect, said to them, we intend to renew the lease for another term of ten years, upon the same terms as are contained in it; we retain the right to annul our intention in case the specified consent of the court and that of yourselves are had; until then and the annulment of our intention and notification they exist precisely as they would had no right of annulment been retained. The conditions permitting their annulment never existed. Therefore, the intention and notification remained. We are unanimous in the conclusion that the letter of October 28, 1912, was a repetition of the notification of the intention to renew the lease and an

abrogation of the right retained in the notification of March 29 to withdraw it. The clause of the letter, " Won't you please send us communication acknowledging receipt of our notice to you of our intent to take advantage of this option? " did not make the notification equivocal or conditional. It was complete and absolute whether or not the plaintiff acknowledged it. The acknowledgment was not essential to the inception and operation of it. It therein differed from the proposition under consideration in *Poel* v. *Brunswick-Balke-Collender Co. of N. Y.* (216 N. Y. 310), cited by the appellant.

The exercise by the defendant of the privilege of renewal extended the term of the lease for the additional period of ten years as a present demise for the full term of twenty years, the last half of which was to take effect at the termination of the first, at the option of defendant. A new lease for the additional years was not necessary. This conclusion is not in accord with the view of a considerable and weighty body of judicial opinion, which is, that the interest of a lessee exercising the privilege of renewal is purely equitable. That view rests upon a distinction made between a privilege or covenant of a renewal and a privilege or covenant of an extension. It holds that the former is a right to the grant of an estate, the latter a present demise operative immediately upon the exercise of the privilege. (*Sutherland* v. *Goodnow,* 108 Ill. 528; *Leavitt* v. *Maykel,* 203 Mass. 506; *Quinn* v. *Valiquette,* 80 Vt. 434; *Fergen* v. *Lyons,* 162 Wis. 131; *Luthey* v. *Joyce,* 132 Minn. 451; *Grant* v. *Collins,* 157 Ky. 36; *Miller* v. *Albany Lodge,* 168 Ky. 755; *Steen* v. *Scheel,* 46 Neb. 252.) Under that view, the remedy of the plaintiffs would be either an action to enforce specific performance by compelling the defendant to accept a lease for the additional period, or an action on the covenant for damages for its breach. We do not give it approval. Our conclusion does not rest upon

any decision of this court. In *Swan* v. *Inderlied* (187 N. Y. 372) we left undetermined, because not necessarily involved, the question whether a covenant in a lease, strictly for a renewal instead of an extension of the demised term, contemplated a new lease. In no subsequent decision by us has the question been considered. The distinction made by the body of judicial opinion we have referred to is too refined and theoretical to be real, as a matter of law, in practical affairs. Men of ordinary learning, intelligence and experience do not universally heed or invoke it in their business transactions. The law is neither just nor practical when it founds decisions of controversies exclusively upon that distinction. The word " renewal " or the words " to renew " have not a definite and fixed legal significance to which the parties are bound by the use of them. A lease like any other contract is to be enforced in accordance with the expressed intention of the contracting parties. If interpretation of its language is necessary, the proper and established rules are to be applied. The language in question of the lease at bar means that the demise was for ten years absolutely and for ten additional years in case the lessee so elected, and gave the required notice of its election. The lease is a present demise of the premises. The defendant entered into occupation under it. The lessor had no choice or decision in the matter of renewal. The letting was for the term of ten years " with the privilege to said tenant of a renewal for another term of ten years upon the same terms as are contained herein." There is no express covenant on the part of the lessor to enter into a new lease or do other act. The only acts called for to effect the renewal are on the part of the defendant. The renewal did not evoke new conditions of continuance in occupation and a new lease would be useless. The acts of the defendant alone were intended, inasmuch as the lease enumerates no other act, to extend

the stipulations of the lease to the occupation through the additional years, and it is immaterial that the demise was to take effect as to the additional years or term in the future at the option of the defendant.

Inasmuch as the defendant holds the premises for the full term of twenty years by virtue of the original lease, no question as to the application of the Statute of Frauds arises. (*McClelland* v. *Rush*, 150 Penn. St. 57.) A consideration of the points of the appellant discloses none other meriting discussion.

The judgment should be affirmed, with costs.

HISCOCK, Ch. J., CHASE, CUDDEBACK, HOGAN, McLAUGHLIN and CRANE, JJ., concur.

Judgment affirmed.