### AMERICAN BRAKE SHOE & FOUNDRY CO. v. NEW YORK RYS. CO.

(District Court, S. D. New York. January 16, 1922.)

1. **Courts** ⊛═359—**Local law controls construction of leases in federal court.**

   A case in the federal court, though in equity, should be determined by the local law, so far as it concerns the construction of leases.

2. **Receivers** ⊛═91—**Not instructed to disaffirm lease, because not as profitable as it might be, where there will be no loss to corpus from carrying it out.**

   While a landlord's receiver will ordinarily be instructed to disaffirm a lease, if loss will be caused to the estate by carrying out its affirmative covenants such instructions will not be given, where a positive loss or encroachment on the corpus or capital of the estate will not be sustained, merely because the lease, though originally a good enough bargain, could now be more profitable.

3. **Receivers** ⊛═91—**Time for adoption of leases may be extended without notice.**

   The court, appointing a receiver as an incident of the administration, may extend the receiver's time to adopt or disaffirm leases without notice to the lessees or lessors.

4. **Receivers** ⊛═112—**Proper to apply for instructions as to disaffirmance of covenants of lease.**

   It was proper for a receiver to seek instructions as to whether he should disaffirm the affirmative covenants of a lease whereby the income of the estate would be enhanced.

⊛═For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

In Equity. Receivership suit by the American Brake Shoe & Foundry Company against the New York Railways Company. On petition by the receiver for instructions. Order in accordance with the opinion.

Petition of receiver for instructions in respect of the renewal of certain leases. The subject-matter was referred to a special master, who has advised that the receiver may notify the lessee of his disaffirmance of agreements for renewal and of any covenants of the lessor to furnish heat, electric current, etc., subsequent to April 30, 1920, and of his intention to retake possession of the premises, after the lapse of such time as may be reasonable to enable the lessee to remove therefrom.

Winthrop & Stimson, of New York City (Allen T. Klots, of New York City, of counsel), for receiver.

Watson, Harrington & Sheppard, of New York City (Archibald R. Watson, John H. Harrington, and Ralph O. Willguss, all of New York City, of counsel), for Frank A. Munsey Co.

MAYER, Circuit Judge. [1] So far as concerns the construction of the leases, the case, though in equity, should be determined by local law. In Orr v. Doubleday, Page & Co., 223 N. Y. 334, 119 N. E. 552, 1 A. L. R. 338, the Court of Appeals adopted a principle not in accord with some authorities; but Judge Collin's opinion is convincing, and announced a doctrine which, it seems to me, is sound both as matter of law and wise from a business standpoint and is applicable to this case.

In the case at bar, there was a present demise, the legal consequences of which are not affected by the executory covenants as to furnishing heat, electric current, etc. These, in certain circumstances, the receiver might refuse to carry out, and yet the lessee would be entitled to the possession of the premises. There may well be, as suggested on the argument, a difference in the position of a receiver as lessee and as landlord.

[2] The theory of an equity receivership, such as this, is that the court is preserving the property. Hence, if rent cannot be paid by the receiver, or, in the light of financial conditions, has become burdensome, and it appears that loss may or will ensue, the lease may be disaffirmed. So, too, if the receiver, as landlord, will cause loss to the estate by carrying out the affirmative covenants of the lease, it would ordinarily be the duty of the court to instruct him to disaffirm.

But a court of equity should not instruct a receiver to disaffirm a lease as landlord merely because the corporation lessor made what, at this moment, might be a bad bargain, although a good enough bargain originally. It is the duty of the receiver to make every proper effort to increase the assets of an estate, but not at the expense of fundamental principles of fair dealing. When a lessee under a lease takes possession, the lease presupposes continuance, even in the face of a receivership of the landlord, so long as the landlord's receivership estate is not burdened or put to loss, and by "burdened" is not meant that the lease could be more profitable, but that it entails a positive loss or encroachment on the corpus or capital of the estate.

[3] The real question, therefore, is whether the receiver should be

instructed to refuse to carry out the executory covenants as to heat, electric current, etc. In the first place, I hold with the master that the receiver has not affirmed the lease, either in toto or its affirmative obligations. Secondly, the lessee was not entitled to notice as to extensions of time to adopt or not adopt leases, etc. The power to extend such time exists, without notice to lessors or lessees of the corporation in receivership, and is exercised as an incident of administration.

In the case at bar there is no evidence that the lease is a burden in the sense defined supra; i. e., that in carrying out its affirmative obligations the estate suffers an actual loss as distinguished from the obtaining of a more profitable rental. Yet it is possible, although not probable (owing to the course of costs), that the affirmative obligations may hereafter impose a burden, and the estate should be safeguarded accordingly. The receiver is instructed, therefore, not to commence any proceeding to evict or eject the tenant, but his time to affirm or disaffirm the affirmative covenants as to heat, electric current, etc., is extended to July 1, 1922, with leave then to apply for a further extension, if so advised. The probability is that by July 1st the cost of carrying out the affirmative obligations will have diminished, rather than increased, and that by that time the question will have become academic. If, however, some situation should arise which in the discretion of the receiver should require him to move, then his application for instructions shall be made on five days' notice to the lessee.

[4] It is hardly necessary to state that it is understood that the receiver, in seeking instructions, has pursued the proper course, and that he would not have been justified in failing to advance argument looking to the enhancement of the income of the estate.

Nothing here decided has any relation to the provisions of any foreclosure decree, if and when made.

Submit order on five days' notice.