GUSTAVUS W. RAYNOLDS, ANNA R. McCARTHY, CHARLES T. RAYNOLDS and ADELAIDE R. SUTPHEN, Plaintiffs, *v.* BROWNING, KING & Co. et al., Defendants.

Supreme Court, New York Special Term, June 26, 1924.

Trusts — power of testamentary trustee to lease premises — will authorized trustee to lease property for term extending beyond duration of trust if he deemed it advantageous — trustee leased premises for period of twenty-one years and six months with right to renewal for further period of twenty-one years — Real Property Law, § 106, limits execution of lease by trustee for period exceeding five years without application to Supreme Court — execution of lease by trustee proper under provisions of will — will construed as granting trustee power to lease for period beyond duration of trust, to construct new building and execute lease or leases — option in lease provided for continuation of original term — tenant, having exercised its option, may continue original lease for additional term — meaning of word "further" — owners in fee not entitled to injunction restraining tenant from proceeding with appraisal in determining augmentation of rent, if any.

A testamentary trustee under a will which authorizes him as trustee " * * *, if he deem * * * it for the advantage of the said trust, to lease the said property for a term extending beyond the duration of the said trust " is not bound by section 106 of the Real Property Law providing that a trustee may not execute and deliver a lease upon real property for a term exceeding five years without application to the Supreme Court; and he may execute a lease for a period of twenty-one years and six months with right to renewal by reason of an option under the lease for a further period of twenty-one years, since by the positive provisions of the will he is given express power " to lease the said property for a term extending beyond the duration of said trust."

Nor will the trustee be deemed to have exceeded his power under the grant where it appears that it was the intention of the testatrix to permit him to lease the property for a period beyond the duration of the trust, provide for the construction of a new building and execute a lease or leases as he deemed best for the purpose of carrying out his power and authority.

The use of the word " further " in the lease does not imply a new lease since in the instant case it may be said to mean a continuation of the original lease.

The defendant tenant holds the premises under the original letting and the owners in fee are not entitled to an injunction restraining the tenant from proceeding with an appraisal under the provisions of the lease to determine what augmentation of rent, if any, should take place, since the provision in the lease is not that the tenant may require a new lease from the landlord but that it may continue the original lease for an additional term.

ACTION for declaratory judgment.

*Thos. M. Healy (Jabish Holmes,* of counsel), for the plaintiff.

*Levi S. Hulse,* for the defendants Nicholas and Martha Hidden.

*Harry D. Nims (Vinton Verdi,* of counsel), for the defendants Chas. P. and Ruth Hidden.

*Harold Swain* (*Benjamin Bain,* of counsel), for the defendant Title Guarantee and Trust Company, as committee of Henrietta Gardner Cattapani.

*Dixon & Holmes,* for Mary K. and Cornelia E. Stevens and Nathalie Raynolds.

*Eugene Lamb Richards,* for Zographos.

*Clarence E. Thornall* (*Charles P. Northrop,* of counsel), for the defendant Browning, King & Co.

*William Allen* (*Henry D. Merchant,* of counsel), special guardian for Henrietta Gardner Cattapani.

LEVY, J. This is an action brought under section 473 of the Civil Practice Act for a declaratory judgment. The defendant Browning, King & Co. holds, as tenant, certain property known as Nos. 1265–1267–1269 Broadway, New York city, extending to the rear from Broadway to Sixth avenue, under a lease dated October 28, 1902, made by Thomas B. Hidden, as trustee under the last will and testament of Henrietta A. Webb, deceased.

This lease was for a period of twenty-one years and six months, and expired on the 1st day of May, 1924. The defendant Browning King & Co. claims the right to a renewal by reason of an option under the lease for a further period of twenty-one years. The plaintiffs and the defendants other than Browning, King & Co. are devisees under the will of said Henrietta A. Webb, and as such are the present owners of the fee title, the trust having terminated in 1922 after the death of William E. Webb, her son, and upon the death of H. Ada Webb, his widow.

All the parties except the defendant named contend that the lease terminated on May 1, 1924, and that such defendant was not entitled to either a renewal or extension of the lease, and that even if such right were given in that instrument by the testamentary trustee he exceeded his power in providing for a renewal option at a time after and beyond the existence of the trust estate. The determination of the rights of the various parties hereto, in the final analysis, depends upon the interpretation of the 11th clause of the will of the testatrix. After giving to this trustee the general *power to sell, mortgage or lease,* the said clause provides: "And especially I hereby authorize and empower said Thomas B. Hidden, as trustee under the eighth clause of this my will, of the said Broadway and Sixth avenue property, and his successors and successor, if he or they deem it for the advantage of said trust, to lease the said property for a term extending beyond the duration of said trust, and in connection with said lease, to consent and agree to such

alteration of the present building or construction of a new building thereon by the tenant under such lease, as the said trustee or his successors or successor shall deem for the best interest of the said trust, and for this purpose to execute, acknowledge and deliver such lease or leases, containing such agreement or agreements as may be necessary and proper, for the purpose of carrying into effect the power and authority hereby conferred."

In effectuating the power thus conferred upon him by said will and in order to give proper force to the intention of the testatrix, the trustee, Thomas B. Hidden, on the 28th day of October, 1902, entered into the lease in question, which, among other things, contained the following covenant: " If the party of the second part, its successors or assigns shall during the whole of said term of twenty-one years and six months hereby demised well and faithfully keep and perform all and singular the covenants and agreements herein contained, on its and their part to be kept and performed, then the party of the first part, his successors and assigns shall and will, if the party of the second part, its successors and assigns shall so elect, grant a further lease of the said lots hereby demised, to and at the expense of the said party of the second part, its successors or assigns, for a further term of twenty-one years from and after the expiration of the term hereby granted at and for a yearly rental, payable in equal monthly installments, on the last day of each and every month, to be ascertained as hereinafter provided, and to be in addition to all taxes, assessments and other charges upon said premises which also the lessees are to covenant to pay; such lease to contain the like covenants, agreements and conditions as are herein contained, except as to any further renewal or extension of the term thereby granted."

Then follows a provision for the method to be adopted in determining what augmentation of rent, if any, should take place.

Henrietta A. Webb died April 15, 1902. William H. Webb, the son, died October 30, 1899. H. Ada Webb, his widow, died April 18, 1922. The event upon which the trust was to terminate having occurred, the parties to this litigation, other than the defendant contesting, became entitled to the estate in fee.

In pursuance of the covenant contained in the lease, Browning King & Co., on the 27th day of February, 1923, gave due notice in writing to all the plaintiffs and the other defendants as owners of the fee of its election as tenant to continue under said lease for the further term of twenty-one years from May 1, 1924. On the twelfth day of September next succeeding the said defendant, pursuant to said covenant, gave due notice to all the aforesaid

24

parties of its designation of Francis K. Stevens as " one fit and impartial person to determine the full and fair worth of said lots of land at private sale." The other parties, however, failed to perform their part of the covenant in this connection. Accordingly, on the 15th day of January, 1924, further pursuant to said covenant, the said Francis K. Stevens appointed and associated with himself " one other fit and impartial person " for the purpose of determining the value. On the sixteenth day of February next the said appraisers so named gave due notice to the appropriate parties of a hearing for the presentation of facts on such appraisal. Thereafter, on application of William Allen, as special guardian for the defendant Henrietta Gardner Cattapani, an incompetent person, an order of this court was entered enjoining and restraining the defendant Browning, King & Co. from proceeding farther in the matter of the appraisal pending the final determination herein.

Was the defendant Browning, King & Co. entitled to a further term of twenty-one years under the lease? Did the testamentary trustee exceed his power under the will in entering into such a lease? Is there any statute in this state prohibiting such a lease? We shall consider these questions in inverse order.

I am referred by the briefs to section 106 of the Real Property Law, which in part provides: "A trustee * * * may execute and deliver a lease of such real property for a term not exceeding five years, without application to the court * * *."

This section goes on to provide that the Supreme Court may, if it deem it for the best interest of the estate, authorize the trustee to lease property for a term exceeding five years. An extended consideration of these provisions is unnecessary, as they are totally inapplicable to the case before us. By the positive provisions of the will the trustee was given express power " to lease the said property for a term extending *beyond the duration of said trust*," and, therefore, such power to so lease for a longer period than five years does not involve the consent of the Supreme Court under said section of the Real Property Law. The latter refers to the power to lease only, when such is not expressly authorized by the instrument creating the trust. It is obvious, therefore, that the trustee's conduct in executing the lease herein did not do violence to statute law.

Since the court is not limited by any statute, it must ascertain what powers were granted to the trustee in connection with the trust estate, and in so doing it is well to consider the intention of the testatrix as expressed in her will. It stands out significantly that her plain purpose was to effectuate such a trust as would result in the greatest material benefit accruing to her son and daughter-

in-law. They, after all, appeared to have been uppermost in her mind. She not only provided for the leasing of the property by the trustee, but apparently recognized that if the property were to yield a considerable income it would be necessary to lease for a long period of years. Hence, we have the provision: "And especially I hereby authorize and empower said Thomas B. Hidden, as trustee * * *, if he deem * * * it for the advantage of the said trust, to lease the said property for a term extending beyond *the duration of said trust.*"

And, being cognizant of the fact that the building as it then stood upon the premises was in a dilapidated condition, knowing it would unquestionably have to be substantially repaired or replaced by a new structure that it might produce a proper rental, testatrix provided further in her will: " In connection with said lease, to consent [meaning the trustee] and agree to such alteration of the present building or construction of a new building thereon by the tenant under such lease, as the said trustee * * * shall deem for the best interest of the said trust," unequivocally manifesting her intention in regard to the property covered by this trust, and furnishing immutable evidence of her far-reaching vision. Indeed, she could not have had in contemplation any such exceedingly remote possibility as that of a prospective tenant consenting to erect a new building for one thing, at perhaps considerably large cost, with less than long tenure assured him, or in any event, a tenure limited on the life of the trust. In addition to this, the very provision under consideration, continuing, authorizes the trustee to execute, acknowledge and deliver " *such lease or leases* containing such *agreement or agreements* as may be necessary and proper for the purpose of carrying into effect the power and authority hereby conferred." Consequently, it appears that in creating this trust the testatrix had in mind the following results: (1) The leasing by the trustee; (2) the leasing for a period *beyond the duration of the trust;* (3) the contingency of construction of a new building on the premises under a lease, and (4) the execution of a *lease or leases* as the trustee shall deem best for the purpose of the better carrying out his power and authority. On these points there can be no question. That such results were within the intention and contemplation of the testatrix is seen from a careful examination not only of this particular clause under which the trustee derives his power, but from a consideration of the entire will. The conclusion follows that the trustee, so far as the will itself and the manifest intention of the testatrix are concerned, cannot in any regard or under any logical and intelligent construction be deemed to have exceeded his power under the grant. Nor does it appear that he

did not act for the best interest of the estate. As matter of fact this point is not seriously urged. Nor has any question been raised challenging the honesty of purpose or the fairness of the lease entered into.

It is contended, however, that the use of the word " term " in the will by the testatrix meant only *one* term, and that, therefore, the trustee could not provide for a *further* grant. In the first place, I am not satisfied that the option in the lease provided for *another* term. It would seem rather that this option merely provided for the continuation of the original term. Irrespective of that consideration, it seems perfectly clear that the testatrix did not intend limiting the power of the trustee to lease for *one* term. If such had been the case, it also could easily have been expressed. On the contrary, as is observed above, her statement in the will that the trustee may lease the property for a term extending *beyond the duration of the trust,* and that " for this purpose to execute, acknowledge and deliver *such lease or leases* containing such agreement or agreements as may be necessary," clearly demonstrates her well-defined intention that the trustee should have absolute power not only to lease for *one* term, but to provide for the alteration of the building, the construction of a new building and the giving of such *lease* or *leases* as may be necessary for the purpose of the trust. A will could hardly have spoken in clearer words. The intention could not have been more obvious. The result which she sought could scarcely have been indicated in more definite language.

The defendant Browning, King & Co. having duly exercised its option, holds the premises not by virtue of any *new agreement* expressed or implied, but under the original letting. The provision of the lease is not that the tenants may require a *new* lease from the landlord, but that it may continue the original lease for an *additional* term. *Orr* v. *Doubleday, Page & Co.*, 223 N. Y. 334; *Swan* v. *Inderlied,* 187 id. 372; *Masset* v. *Ruh,* 235 id. 462; *Crimmins* v. *Metropolitan Elevated R. R. Co.,* 87 Hun, 187; *Storms* v. *Manhattan Railway Co.,* 178 N. Y. 493.)

In the *Orr* case, cited *supra,* the Court of Appeals held that a tenant, holding a lease of premises for ten years with the option of renewal, who gave notice to the trustees under the will of its lessor of its intention to *renew* the lease for another term of ten years that the exercise of the option of renewal by the tenant perforce extended the term of the lease for the additional term of ten years.

Collin, J., writing for the court in a well-considered opinion, says at page 340: " The exercise by the defendant of the privilege of renewal extended the term of the lease for the additional period

of ten years as a present demise for the full term of twenty years, the last half of which was to take effect at the termination of the first, at the option of defendant. A new lease for the additional years was not necessary. * * * The word ' renewal ' or the words ' to renew ' have not a definite and fixed legal significance to which the parties are bound by the use of them. A lease like any other contract is to be enforced in accordance with the expressed intention of the contracting parties. If interpretation of its language is necessary, the proper and established rules are to be applied. The language in question of the lease at bar means that the demise was for ten years absolutely and for ten additional years in case the lessee so elected, and gave the required notice of its election. The lease is a present demise of the premises." See, also, *Masset* v. *Ruh, supra,* citing with approval and following *Orr* v. *Doubleday, Page & Co., supra.*

In the case of *Swan* v. *Inderlied, supra,* it appears that the lease was for a year, with the privilege to the defendant to extend it for a further term of one or two years upon the same terms and conditions. Thereafter the defendant elected to extend the term and so advised the plaintiff. Held, that the defendant's liability to pay rent accrued under the *original* letting and not by virtue of any new *agreement,* expressed or implied. See, also, *Burns* v. *City of New York,* 213 N. Y. 516.

In the *Crimmins Case, supra,* the court said (p. 189): " Under a renewal lease made after but in pursuance of a lease given before the erection of the elevated railroad and by which the parties are constrained in fixing the rent, terms and conditions of the renewal lease, the right of action is in the lessee. And this is so because the two terms are treated as the outcome in effect of one continuous lease commencing before the railroad and, therefore, within the rule applicable to leases for a term of years made prior to the construction of the elevated railroad." See, also, *Kelly* v. *Varnes,* 52 App. Div. 100; *Pugsley* v. *Aikin,* 11 N. Y. 494.

These cases leave the inescapable impression that renewals of leases are favored, and that there is no particular sanctity attached to the use of words. They should be so interpreted as will best evidence the true meaning of the parties. The court will not indulge in fiction, particularly when to do so would work prejudice to the rights of a party. " For although the law will sometimes tolerate a fiction, it is always in aid of, and never to the prejudice of the right of a party." *Pugsley* v. *Aikin, supra.* The use of the word " further " in the lease does not necessarily imply a new lease. Without doing offense to the definition of this word, in the instant case it can be said that " further " means a continuation or renewal

of the original period. In any event, the court should not select particular words to the exclusion of the entire instrument for the purpose of interpreting the given clause. In the language of Finch, J., in the case of *Phillips* v. *Davies*, 92 N. Y. 199, 204: " If such was the real meaning and intention of the testatrix; if an examination of the whole will forces that conviction; if its plain and definite purposes are endangered by inapt or inaccurate modes of expression, and we are sure that we know what the testatrix meant; we have a right and it is our duty to subordinate the language to the intention. In such a case the court may reject words and limitations, supply them or transpose them, to get at the correct meaning."

Plaintiffs rely strenuously on the cases of *Gomez* v. *Gomez*, 147 N. Y. 195, and *Matter of City of New York (110th Street)*, 81 App. Div. 27; affd., 179 N. Y. 572. In the *Gomez* case, however, the trust was created by a deed which did not expressly confer upon the trustees authority to make leases. The court merely held that such trustees in those circumstances had no power whatever to lease. In that case the trustees were nevertheless empowered by the Chancery Court to make a lease, and thereafter attempted to renew the same after the termination of the trust. The Court of Appeals properly held this could not be done. That case is easily distinguishable. In *Matter of City of New York, supra* (p. 30), one Cram created certain trusts for the life of his widow, and authorized and empowered " my executors and trustees to rent or let from year to year or for any term of years, any of the real estate." The trustees leased for a term of years. The property was taken in condemnation, and the question arose as to the unexpired term of the lease on which the tenant was entitled to an award. The court stated at page 32: " The trust estate, therefore, which the trustees held at the time when the surviving trustee executed the leases in question, continued only during the life of the widow, and *unless express power to lease for a period longer than the duration of this life estate is expressed in terms in the will* the authority to lease would be limited upon the duration of such trust estate." Citing *Gomez* v. *Gomez, supra.* Italics mine.

This case is equally easily distinguished by the very language expressed in the will.

The recent case of the Appellate Division (*Armstrong* v. *Shapiro*, 207 App. Div. 304), urged by the plaintiffs, has no application whatsoever. But a casual reading of Mr. Justice Dowling's opinion will suffice. There no option was provided for in the original lease, but made the subject of a new, subsequent and separate agreement, and the appeal was determined upon this very ground.

Hence, the court is constrained to the seemingly inevitable conclusion that the act of the testamentary trustee in respect to the lease in question, which is herein complained against, is not violative of any principles of law, but on the contrary was a full and fair exercise of the power vested in him by the very express terms of the will and the directions to better effectuate the same. The owners in fee are obligated under the provisions of the lease, the subject of this litigation, to permit the defendant Browning, King & Co. to continue in possession of the premises involved herein for a further period of twenty-one years from May 1, 1924, and to proceed with the arbitration in regard to the determination of the land value in keeping with the covenant in that respect in said lease contained. And as a necessary corollary the parties seeking it are not entitled to injunctive relief against the said Browning, King & Co., etc.

Judgment for the defendant Browning, King & Co. upon the merits accordingly. Submit findings and decree in conformity with this decision.

Judgment accordingly.