Morris Feig, Plaintiff, *v.* Max Hart, Defendant.

Municipal Court of New York, Borough of Manhattan, Sixth District, January 21, 1931.

*Harry Malter*, for the plaintiff.

*Harold V. Williams*, for the defendant.

Rosalsky, Joseph S., J. The action is to recover $600 upon a covenant made between the parties on November 19, 1928, upon dissolution of a partnership between them in the garage business. Defendant took over the business, an asset of which was a lease having about one year and one month to continue. The covenant sued upon is as follows: " In the event that the party of the first part [defendant] shall obtain an extension or renewal of the present lease to the said premises, then the said party of the first part shall pay to the party of the second part [plaintiff] the sum of $600.00." Defendant resists liability because he did not as he contends, obtain an " extension or renewal of the present lease," but instead was forced to take a new lease, the term of which commenced at the expiration of the present lease, though at a higher rental, namely, $700 per month instead of the rent of $600 per month, in the original lease; and with an obligation to pay for premiums of insurance and to give a surety bond for payment of rent which were not required in the original lease.

The terms " extension " and " renewal " are often used synonymously in leases. (*Orr* v. *Doubleday, Page & Co.,* 172 App. Div. 96; affd., 223 N. Y. 334.) " Here the subject matter of the new lease was an extension and enlargment of the subject

matter of the old one." (*Meinhard* v. *Salmon*, 249 N. Y. 458, 468.) Defendant cannot escape liability upon his covenant merely because he has been compelled to pay an increased rent or to submit to more onerous conditions. (*Robinson* v. *Beard*, 140 N. Y. 107, 113; *Polhemus Printing Co.* v. *Wynkoop*, 30 App. Div. 524; *Hausauer* v. *Dahlman*, 18 id. 475; affd., 163 N. Y. 567; 24 Cyc. 997.) "The only way by which the obligation of such a covenant can be escaped is by the covenantor's abandonment of the estate, without a direct or indirect renewal of his own tenancy." (2 Tiffany Landlord & Tenant, § 232, p. 1551.)

Judgment for plaintiff for $600, with costs.