Arnold B. Bashein, Doing Business as Arnold B. Bashein Company, et al., Plaintiffs, *v.* 2682 Broadway, Inc., Defendant.

City Court of New York, Trial Term, New York County, November 18, 1942.

*Jesse Kahn* for plaintiffs.

*Norman Handel* for defendant.

Carlin, J.  Plaintiffs, Bashein and Levy, jointly represented defendant and M. H. Lamston, Inc., its lessee, in the preliminary negotiations which ultimately led to the execution of a lease for seven years from September 15, 1934; paragraph " 25 " thereof granted the tenant the right of option to renew for a like period at a rental equivalent to that provided for the last six years of the original term (paragraph " 6 " of the lease). The option to renew " must be exercised by the giving of written notice to the landlord not later than February 1, 1941," and was subject to defeasance in the event the tenant by February 1, 1941, had not " fully complied with all the terms, covenants, stipulations and conditions herein (the lease) included." The defeasance provision is without import as the tenant exercised its option on September 13, 1940, approximately one year before the expiration of the term, and has continued in possession thereafter to date.  Upon the exercise of the option by the tenant a new tenancy was not created to begin

at the end of the original term; it is deemed to have effected the continuance of the first seven years for seven years more, thus constituting a lease for fourteen years in legal contemplation. (2 New York Law of Landlord and Tenant, § 588, pp. 261, 262, citing *Pugsley* v. *Aikin*, 11 N. Y. 494; *Collins* v. *Hasbrouck*, 56 N. Y. 157; *Probst* v. *Rochester Steam Laundry Co.*, 171 N. Y. 584; *Swan* v. *Inderlied*, 187 N. Y. 372; *Orr* v. *Doubleday, Page & Co.*, 223 N. Y. 334; see, also, *Horn & Hardart Co.* v. *115 East 14th Street Co., Inc.*, 7 N. Y. S. 2d 688, affd. 257 App. Div. 813, affd. 281 N. Y. 802.)

It appears from the evidence that the plaintiffs were originally authorized by the defendant to negotiate for a twenty-one-year lease but at the time of its preparation the president of defendant, who appears to have dealt solely with plaintiffs, prevailed upon the lessee to have the term fixed at seven years with two rights of options of renewals for a similar term (see paragraph " 26 " of lease) with identical reservation of rent; with paragraph " 26 " the issues herein are not concerned. It appears that plaintiffs' acquiescence in the change of the term from twenty-one years to that provided for with options in the lease was predicated upon their right to commissions being unaffected in the event the tenant exercised the options and continued the original tenure as extended thereby. The defendant contends that, because the plaintiffs' claim to commissions is not evidenced by a writing, any agreement by the defendant to pay plaintiffs in addition to the commission paid for the original term is void under the Statute of Frauds (Personal Property Law, § 31) as the option provided for in paragraph " 25 " of the lease could not be performed within one year from the execution of the lease. With this contention the court is not in accord as the provision for the exercise of the option placed a limit beyond which the tenant would lose its right so to act; the limit therefor was " not later than February 1, 1941." It, therefore, could be exercised any time intervening the date of execution of the lease and the date beyond which the right would cease, and as a consequence is not within the Statute of Frauds as it could be performed within one year. *Allwin Realty Co.* v. *Barth* (161 App. Div. 568), cited by defendant, is not controlling of the issues herein for in that case the tenant refused to exercise the option and the controversy arose not by reason of the extension of the original terms by the option, as here, but over a new lease not resulting from the tenant's rights of option under the old. *Williams* v. *Heckscher* (126 Misc. 176) appears to be an authority peculiarly apposite; there the court held in

a situation similar to the instant case that the broker was entitled to commissions on the extended term under the option The court said (p. 177): " Under the terms of the lease *the option to renew might have been exercised at any time* prior to November 1, 1921. If so exercised the lease would become one for a continuous term expiring May 1, 1927. It would not be a *new letting* for a further term. (*Orr* v. *Doubleday, Page & Co.*, 223 N. Y. 334.) " (Italics supplied). Further, on page 178, the court continued: " Since the renewal notice might have been given within a year of the making of the original lease and the brokerage contract and since, in our view, the obligation to pay the additional compensation arose when such notice was given, the case is not within the statute. (*Kent* v. *Kent*, 62 N. Y. 560.) " Motions by defendant at the close of plaintiffs' and of the entire case to dismiss complaint are denied with exceptions to defendant. Judgment for plaintiffs against defendant for $1,417.50 with interest to be computed from September 15, 1941. Ten days stay and thirty days to make a case.