75 So.2d 692 (1954)
Herman LEIBOWITZ and his wife, Gussie Leibowitz, Appellants,
v.
John CHRISTO, Appellee.
Supreme Court of Florida. Division B.
November 12, 1954.
Watson & Long, Gainesville, for appellants.
Clayton, Arnow, Duncan & Johnston, Gainesville, for appellee.
DREW, Justice.
This is an appeal from a final decree in appellee's suit for declaratory decree determining the rights of the parties under a lease on a business building located in the City of Gainesville. Appellants are lessors and appellee is successor to the original lessee. The lower court decreed that paragraph 14 of the lease, around which the principal controversy revolved, provided for extensions or renewals under the terms and covenants stated in the lease, at the option of the lessee, for an additional period of fifteen years beyond the original ten year term, instead of for a period of only five years as contended by the appellant.
We hold that the lower court correctly determined that the lease provided for additional renewals from year to year for fifteen years following the expiration of the basic ten year term. It is our view that the pertinent language in the lease plainly supports the findings of the Chancellor below in this respect. We think the *693 language of the lease is clear and for that reason there is nothing to construe.
The provision of the lease providing for renewals uses the language "additional annual renewals." It is admitted in the record that the present lessee, appellee, is in possession of the premises and claims under the original lease after the expiration of the basic term of ten years and that no new lease has ever been entered into. It is the contention of the lessors, appellants, that even though appellee may have given proper notice of intention to renew as required by the lease, he has no rights thereunder because no new lease was executed. Thus the question is presented whether when one exercises a right of renewal under a lease it is necessary that a new lease be executed.
There are no decisions in this State on this subject. An investigation of the authorities in other jurisdictions reveals a sharp conflict. Some courts draw a distinction between a covenant for extension of a lease and a covenant for renewal of a lease, saying that the former is a present demise of an estate but that the latter is not. In those jurisdictions making this distinction, however, all agree that where there is a covenant to extend the lease, no new lease is required; but where there is a covenant to renew the lease, the authorities differ, some holding that a covenant for renewal requires the execution of a new lease while others hold that a covenant for renewal operates as a present demise to take effect in the future so that execution of a new lease is not necessary. See 35 C.J. 1025, Section 159; 51 C.J.S., Landlord and Tenant, §§ 54(b), 69, pp. 593, 617.
The New York Court of Appeals in the case of Orr v. Doubleday, Page & Co., 223 N.Y. 334, 119 N.E. 552, 554, 1 A.L.R. 338, 342, held that the distinction between the meaning of words renewal and extension and words of similar import when used in leases was "too refined and theoretical to be real, as a matter of law, in practical affairs." With this conclusion we concur. We hold that the use of the word renewal in the lease in the instant case instead of the word extension or extend or similar words did not make mandatory the execution of a new lease where the lease did not so provide and the lessee otherwise complied with the requirements necessary to exercise his option for a further term.
The decree of the lower court is hereby affirmed.
ROBERTS, C.J., and THOMAS and HOBSON, JJ., concur.