**Nancy PARHAM et al., Appellants,**

v.

**GLASS CLUB LAKE, INC., Appellee.**

**No. 8114.**

Court of Civil Appeals of Texas, Texarkana.

Sept. 26, 1972.

Bill J. Cornelius, Cornelius & Cornelius, Jefferson, for appellants.

Leslie Echols, Cornett, Echols & Biard, Paris, B. D. Moye, Old, Moye & Cobern, Mt. Pleasant, for appellee.

DAVIS, Justice.

This is a venue case. Plaintiff-Appellee, Glass Club Lake Inc., sued Defendants-Appellants Nancy Parham, Mrs. May Benefield and Joe Marvin Parham, Jr., seeking a declaratory judgment under Art. 2524–1, Vernon's Ann.Tex.Civ.St., construing a real estate lease between Appellants' predecessors in title and Appellee, which lease contract was executed on August 6, 1921, but did not become effective until January 1, 1922, and remained in force for a period of 50 years from January 1, 1922. As a matter of law, the lease is still in force and effect and will not expire until December 31,

---

1972. The lease also provides, among other things, that:

"Leasee to have the right and option at the end of this lease to renew this lease for another fifty years upon like terms and conditions of this lease."

Appellant, Mrs. Nancy Parham, filed a plea of privilege, seeking to have the suit transferred from Morris County, Texas, to Gregg County, Texas, the county of her residence. The plea of privilege was controverted by Appellee. Appellee filed its second amended original petition and then it filed its first amended controverting affidavit to the plea of privilege.

The case was tried before the court, without a jury, and he overruled the plea of privilege. Appellants have perfected their appeal and bring forward one point of error.

By the point of error, Appellants say the Trial Court erred in overruling their plea of privilege because there was no exception to exclusive venue in the county of one's residence, which was applicable to the case at bar.

On September 2, 1971, Appellee notified Appellant that it intended to renew the lease for an additional fifty years after the expiration of the primary term, "On like terms and conditions as the original lease." Appellants notified Appellee that they would not allow it to exercise the option, if any, contained in the original lease. Appellee then notified Appellants that it did intend to try to exercise the option contained in the original lease and filed this lawsuit on December 28, 1971. These notices were by written letters. They were offered in evidence. Also, the pleadings and the original lease contract were offered in evidence. Appellee proved that the land involved in the lease was situated wholly within Morris County, Texas. Appellee filed a request for admission from the Appellants, Rule 169, Texas Rules of Civil Procedure, that the lease which the Trial Court will be required to construe in this cause of action describes land located in Morris County, Texas. Appellants admitted the truth that the lease mentioned in said request for admission describes land located in Morris County, Texas.

Appellee takes the position that this is a declaratory judgment suit. Art. 2524–1, V.A.C.S. It alleged Subdivision 14 of Art. 1995, V.A.C.S., as a special exception to the general venue statute. It primarily and affirmatively seeks to have the lease contract construed, and since the construction that is given the lease when the case is heard on its merits will likely be determinative of the rights of the parties, it is easy to mistakenly assume that having the lease construed is the end result sought. It does not seek merely an abstract construction of the lease. Instead, it seeks the tangible benefits to be derived from having the lease construed as it contends it should be. In other words, it seeks, as aforesaid, to establish title to a leasehold estate in land and to gain or retain possession of the premises described in the original lease. Construing the lease will be but an incident in determining whether this relief is to be granted or withheld, even though the construction that is given it may be conclusive of the question. Garrison v. Morrow, CCA, 1957, 300 S.W. 2d 175, writ dism'd. See, also, Haddad v. Tyler Production Credit Ass'n, CCA, 1948, 212 S.W.2d 1006, error ref'd; Mecom v. Gallagher, CCA, 1946, 192 S.W.2d 804, writ ref'd n. r. e. The point of error is overruled.

The judgment of the trial court is affirmed.