## ALLWIN REALTY CO. v. BARTH.

(Supreme Court, Appellate Division, First Department. April 3, 1914.)

1. BROKERS (§ 69*)—COMMISSION ON RENTS—LEASE WITH OPTION OF RENEWAL.
Where a broker, to whom the principal was to pay the regular commission on the amount of rent received for premises leased through him, secured a tenant who leased the premises for seven years with an option of renewing at the end of that term upon giving four months' notice prior thereto, under the same conditions and a further option for a second renewal, the broker was entitled to a commission only on the rent for the first term and not on that for the renewal term.
[Ed. Note.—For other cases, see Brokers, Cent. Dig. § 55; Dec. Dig. § 69.*]

2. FRAUDS, STATUTE OF (§ 45*)—NONPERFORMANCE WITHIN ONE YEAR—COMMISSION ON RENEWAL OF LEASE.
An agreement by the principal that the broker should receive a commission on the rent for the renewal of the term if the tenant exercised his option was an agreement for the payment of money not to be performed within one year, and therefore within the statute of frauds. Personal Property Law (Consol. Laws, c. 41) § 31.
[Ed. Note.—For other cases, see Frauds, Statute of, Cent. Dig. §§ 67, 68, 70, 71; Dec. Dig. § 45.*]

3. BROKERS (§ 60*)—COMPENSATION—FAILURE TO COMPLETE TRANSACTION—OPTION TO RENEW LEASE.
Even if that contract was enforceable, the broker was not entitled to any commission where tenant failed to exercise its option at the time specified, but did take a new lease with different provisions after considerable negotiations with the principal.
[Ed. Note.—For other cases, see Brokers, Cent. Dig. § 91; Dec. Dig. § 60.*]

Dowling and Hotchkiss, JJ., dissenting.

Appeal from Appellate Term, First Department.

Action by the Allwin Realty Company against Mary G. Barth. From a determination of the Appellate Term affirming a judgment of the Municipal Court in favor of the plaintiff, the defendant appeals. Reversed, and new trial ordered.

See, also, 145 N. Y. Supp. 1111; 147 N. Y. Supp. ——.

Argued before INGRAHAM, P. J., and CLARKE, SCOTT, DOWLING, and HOTCHKISS, JJ.

Joseph Day Lee, of New York City, for appellant.
Leo Schafran, of New York City, for respondent.

INGRAHAM, P. J. This action was brought in the Municipal Court and the pleadings were oral. The complaint was for commissions due, and the answer was general denial, and statute of frauds, and a bill of particulars was demanded. No bill of particulars was

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ever furnished, and the case came on for trial before the court without a jury.

[1] The plaintiff's assignor was called as a witness for the plaintiff, and he testified that he was a real estate broker; that he was employed by the defendant to procure a tenant for the defendant's property on Third avenue; that the defendant's interest in the property was that of tenant having a lease for 21 years; that the defendant agreed that she would give the broker the regular commission of one per cent. on the amount of rent she should get for the premises; that he subsequently procured a tenant, and a lease was executed, which was introduced in evidence. That lease was dated July 26, 1904, between the defendant, as the party of the first part, and the Twentieth Century Laundry Company, as the party of the second part, whereby the defendant leased the premises to the tenant "for a term of six (6) years and nine (9) months from the 1st day of August, 1904, expiring May 1, 1911, at the yearly rental of sixty-five hundred ($6,500) dollars per annum, to be paid in equal monthly payments in advance. * * * " The lease also contained a provision by which the defendant agreed to grant to the said tenant a renewal of this lease for a further term of seven years to expire May 1, 1918, upon the same terms as those therein contained, and provided further that said tenant give to said landlord notice in writing claiming such renewal at least four months before the 1st day of May, 1911, and also to grant to the said tenant a second renewal of lease for the further term of seven years to expire May 1, 1925, upon the same terms as those therein contained, upon giving a like notice. The witness was paid his commission based upon the amount of the rent to be received during the term of six years and nine months, for which time the property was leased. I think that under his employment that was all the commission to which the broker was then entitled. This term demised of six years and nine months was from August 1, 1904, and that was the term of the lease. It covered all the rent which was received under the lease made by the tenant procured by the broker. The covenant of renewal was entirely at the option of the tenant, and whether or not there should be a renewal of the lease could not be determined until the time when the tenant was called upon to give the notice by which he was to exercise his option. Certainly the broker would not, when the lease was executed, be entitled to sue for and recover commission based upon the amount of rent that should be paid if the tenant did exercise his option to take a new lease for a second term of seven years. All that the tenant whom the broker procured agreed to pay was the rent for the term of six years and nine months, which was the term demised, and it seems to me clear that the rent during such term was all the rent that was secured to be paid by the lease and on which the broker was entitled to his commission.

[2] The broker further testified that, at the time of the execution of the lease, he told the defendant's husband:

"We will have to get our commission now for the term of the lease, as we agreed upon between us."

146 N.Y.S.—61

· To which the latter replied :⁻ · . .. . .       ; . . . ⸱

"No, * * * you know my wife is very short on money. We had that building vacant for such a long time now, and we ·will·have· to pay the taxes and the ground's rent, wouldn't you take the percentage this way? As to the seven years now, and I will try to pay you that as soon as ·I can. · * * ⸱ When the seven years is over and the tenant should take his ˙option as he will on that lease, then you will get your commission on the seven; and· if that is off, you will get your other percentage.for the other seven years to come."

To˙which the broker assented. .He further testified· that eventually he received payment of commission for·the term of the lease. If that was all of·the commission to which he was entitled át that time, it is difficult to see where there was any consideration for the agreement to pay commission for the extended time, if the tenant exercised its option to take it. But, if this was a new agreement to pay an additional commission over· and˙ above the sum agreed upon, it would seem to be a contract for. the payment of a sum of money not to· be performed within a year. To sustain the plaintiff's cause of action at all, it must appear that the broker was entitled to be paid at the time the contract was made a sum of money by the defendant, based upon his having obtained a tenant who had agreed to pay. rent under the lease as then executed. As before stated, under the lease the only obligation· of the tenant to pay rent ·was for the period of·six years and nine months from' the 1st of August, 1904. An agreement then that the defendant· would pay to the broker·a· further .sum in addition to the commission for the original term˙ of the lease, if the tenant exercised the option four months before the 1st of May, 1911, was a contract for the payment of ˙money not to be performed within a year, and· was˙ therefore within˙ the statute of frauds and void unless in writing. See·section 31, Personal Property Law (Consol. Laws, c. 41).

[3] But,˙assuming the contract was enforceable, I do not think the defendant ˙was liable for this additional commission. The agreement as·stated by the broker ·was: , ·· :⁻

"When the seven years is over and the tenant should take his option as he will on that lease, then you will get your commission on the seven; and if that is off, you will get your other percentage for the other seven years to come.". ⸱ .. . ⸱ . ⸱ . ⸱

The condition upon which the broker was to receive this additional commission was the exercise of the option by the tenant at the ex⸱ piration of the term of six years and nine months. ˙ To exercise that option the tenant had˙ to ġive·˙the. defendant ˙a notice in writing claiming such renewal˙ at least four months prior to the 1st of May, 1911, in which·case, without further.negotiations or trouble, the lease would be extended for seven years. ˙ It is conceded that the·˙tenant did not exercise the· option and˙ refused to take the extended term under the lease as·˙it ˙was executed, and, when the tenant˙ refused to exercise the option and take the new term of seven years, the obligation of· the ·defendant·to˙ pay the broker's˙ commission, assuming˙ ˙the˙ contract could be enforced, was át an end.·˙ The advantage to˙ the landlord ˙in having the tenant .exercise ·that. option is .obvious. If .four months before the end of the term demised the tenant exercised the option;

the landlord was relieved of the trouble and expense of obtaining a new tenant. It might well be that the landlord would be willing to pay a commission for the term of seven years, if the tenant would exercise the option, and it was for the broker then to procure the tenants to take such option. The tenant, however, refused to exercise the option, and the right to an extended term of the lease expired and was at an end. The parties were then at liberty to make a new lease or to make whatever disposition of the property their interests required. The defendant then entered into negotiations with various parties to lease the property. On the trial the defendant attempted to prove that the tenant refused to exercise the option, what negotiations he had with the tenant as to the exercise of the option four months before the expiration of the lease, and the negotiations with the old tenant that subsequently resulted in the execution of a new lease prior to May 1, 1911. This testimony was all excluded by the court and the defendant excepted. All that was proved was that on April 5, 1911, the defendant made an entirely new lease with the old tenant, on somewhat different terms, and without an option to renew the lease for a term of seven years at the end of the term then demised. I think it was error to refuse to allow the defendant to prove the circumstances under which the new lease was obtained. If the new lease was not the result of any services performed by the plaintiff and for which the plaintiff should be entitled to recover a commission, plaintiff cannot recover. The new lease itself showed that it was executed, not as the result of the exercise of the option by the tenant, but of an entirely new letting, upon different terms; and it was not therefore the result of any of the plaintiff's efforts to procure a tenant that the new lease was executed.

Therefore I think this judgment cannot be sustained, and the determination of the Appellate Term and of the Municipal Court should be reversed, and a new trial ordered, with costs in this court and in the Appellate Term to the appellant to abide the event.

CLARKE and SCOTT, JJ., concur. DOWLING and HOTCH-KISS, JJ., dissent.

---

ENGLISH v. NEW YORK, N. H. & H. R. CO.