CHARLES E. WILLIAMS, Appellant, v. AUGUST HECKSCHER and Another, Respondents.

Supreme Court, Appellate Term, First Department, December 10, 1925.

**Brokers — real estate broker — broker procured lease for five years with option for renewal — broker's agreement with landlord was oral — action for commission on renewal term — lease provided that tenant could renew at any time before expiration of first term — since tenant might have renewed within one year, contract is not invalid under Statute of Frauds (Pers. Prop. Law, § 31) — valid consideration for commission on renewal.**

An oral contract between a broker and a property owner, whereby the owner agrees to pay a commission for procuring a lease of the property, is not invalid under the Statute of Frauds (Pers. Prop. Law, § 31), on the ground that it was not to be performed within one year from the time when it was made, in so far as the commission for a renewal period of five years is concerned, since it appears that the lease which was for a term of five years contained an option provision entitling the tenant to renew the lease at any time prior to the expiration of the original term, and, therefore, it was possible for the tenant to make the renewal within one year from the date of the broker's contract.

The agreement to pay additional brokerage in case the lease was renewed by the tenant is not without consideration, on the ground that the broker did nothing to induce the renewal, because that agreement was a part of the original contract between the broker and the landlord.

APPEAL by plaintiff from a judgment of the City Court of the City of New York dismissing the complaint.

*Pitkin & Rosensohn* [*Arthur F. Gotthold* and *Walter W. Gross* of counsel], for the appellant.

*Platt, Field, Taylor & Patterson*, for the respondents.

CHURCHILL, J.  Plaintiff sues for commissions claimed to have been earned in effecting a lease of defendants' real property.  The agreement for his employment and compensation was oral.  The complaint was dismissed at the close of plaintiff's case, the court having been of the opinion that the agreement was within the Statute of Frauds (Pers. Prop. Law, § 31).  The contention is that the agreement was one which, by its terms, was not to be performed within one year from the time when it was made.

The lease which plaintiff procured was made on February 13, 1917.  It was for the term of five years commencing May 1, 1917.  But it contained a provision giving the lessee the right of renewal for a further term of five years provided the tenant should have complied with the terms of the lease and should have given notice in writing of its intention to renew prior to November 1, 1921.

At the time of the execution of the lease plaintiff was paid his commission of one per cent on the rent reserved for the first five years.  On or about July 7, 1921, the tenant gave notice of its intention to renew.  Plaintiff sues for commission at the same rate on the rent for the additional term.  He endeavored to prove that such was the agreement, but was met with the objection that his alleged agreement was not in writing.

Under the terms of the lease the option to renew might have been exercised at any time prior to November 1, 1921.  If so exercised the lease would become one for a continuous term expiring May 1, 1927.  It would not be a new letting for a further term.  (*Orr* v. *Doubleday, Page & Co.*, 223 N. Y. 334.)  Of course, if the lessee had not fully performed the covenants of its lease the landlord would have had the right to refuse the extension.  But so it would have had the right to terminate the original term.  But the possible right of termination did not affect the plaintiff's right to full commissions on the first five years' rent.  That right was complete when the lease was signed.  So, we think, the right to commissions on the rent for the second period became complete when notice of

renewal was given and was accepted without objection by the landlord. The term then became automatically extended. (*Orr* v. *Doubleday, Page & Co., supra.*) It could be terminated only in the same manner as the original term could have been.

Since the renewal notice might have been given within a year of the making of the original lease and the brokerage contract and since, in our view, the obligation to pay the additional compensation arose when such notice was given, the case is not within the statute. (*Kent* v. *Kent*, 62 N. Y. 560.) Nor will it do to say that the agreement to pay the additional brokerage was without consideration because the broker did nothing to induce the renewal. The lease as made was acceptable to the landlord and was accepted by him. It was competent for the parties to agree upon any compensation they thought proper for the services of the broker in procuring it.

Dicta from various cases are cited against the conclusions thus indicated, but we think the case is clear and that the judgment must be reversed and a new trial ordered, with costs to appellant to abide the event.

All concur; present, BIJUR, LEVY and CHURCHILL, JJ.