HENRY HIRSHAUT et al., Copartners Doing Business under the Name of HIRSHAUT & BAKST, Appellants, *v.* ACE HOTEL CORP., Respondent.

Third Department, January 9, 1946.

*Meyer A. Novick,* attorney for appellants.

*Lazarus I. Levine,* attorney for respondent.

FOSTER, J. This is an appeal from an order and judgment of nonsuit. Plaintiffs sued to recover the sum of $600, alleged to be due as brokerage commissions for negotiating a lease of a hotel property for the summer season of 1940, and for subsequent renewals. The action was tried upon the following written agreement:

"It is agreed that Hirshaut and Bakst of Monticello, New York, are the brokers who brought about an agreement of lease between Ace Hotel Corp. as landlord and Tropp, Vogel and Golden, as tenants, which lease bears even date herewith, and the undersigned landlord agrees to pay to the undersigned brokers and the latter agrees to accept in full for their commissions the sum of Three hundred and no/100 ($300.00) dollars, payable as follows:

"$150.00 on the date hereof, the receipt whereof is hereby acknowledged, and the further sum of $150.00 on the 10th day of July 1940.

"In the event the tenants exercise the option to renew the lease for the two renewal periods mentioned therein, the landlord will pay to the brokers the further sum of Three hundred ($300.00) dollars annually as follows:

"$150.00 when the first installment of rental is paid, and the first sum of $150.00 on July 10th following.

" Dated March 27, 1940.
" Ace Hotel Corp.
" By M. Golden
" Hirshaut and Bakst,
" By Samuel Bakst."

The sum of $300 for commissions was paid in 1940. The controversy in suit arises over whether the tenants exercised the option for the renewal of the lease in the years 1941 and 1942. The option contained in the original lease, or the part thereof that is pertinent to this appeal, is as follows: " On or before the 4th day of September, 1940, Jennie Tropp and Ida Vogel, on behalf of the corporation to be formed by them as is herein provided for, shall have the right to renew the term of this lease for the further period to commence on the 1st day of May, 1941 and to terminate ten days after Labor Day of that year, upon the same terms and conditions, and for the same rental as is herein reserved for the original term of this lease. Said option shall be exercised by the payment to the landlord on or before the 4th day of September, 1940, of the sum of $4500.00 on account of the rental for the renewal period. The remaining installments of rental shall be paid during the year 1941 in the same amounts and on the same dates as are provided for the payment of rental during the year 1940. In the event, however, that Morris Golden or the landlord, shall for any reason, not desire to continue to operate the boarding house and hotel business with both Jennie Tropp and Ida Vogel, the said landlord and said Morris Golden shall have the right to choose one of said persons with whom said business shall be continued for the renewal term. * * *."

On the trial the plaintiff Hirshaut testified as to several admissions he claimed were made by Golden, the president of the defendant corporation. He said, in substance, that he saw Golden in August, 1940, and that the latter told him an understanding had been reached with the tenants to remain for another year. He also said he met Golden in New York City later and was told by him that Vogel, one of the tenants, had made a deposit of rental for the following year. Hirshaut also swore that during the latter part of July, 1941, he went to Golden and asked for the commission for that year; that Golden said he could not pay him then because of family difficulties, but he would give him the money later. After Labor Day of that year he saw Golden again and the latter told him he was entering into a new contract with Vogel for the season

of 1942; that he was unable to pay him then but would pay the entire amount during the season of 1942. Again, in the spring of 1942 he asked Golden for the money, and also at the end of July or the beginning of August of that year. Golden told him in the last conversation that he did not have to pay the commissions for 1941 and 1942 and would not do so.

It appears to be conceded that the defendant, Golden individually, and Mrs. Vogel entered into a written lease of the premises for the season of 1941 on February 24, 1941. It should be noted that the option clause in the original lease gave Golden, or the defendant, the right to discard one of the original tenants and continue the lease for the renewal term with the other tenant. Mrs. Vogel was one of the original tenants. The new lease, for 1941, differed in several respects in regard to payments of rental and personal property to be furnished by the landlord, but the total amount of rental was the same.

It is not disputed that on the 11th day of October, 1941, the defendant Golden individually, Vogel, and a dummy corporation entered into another lease of the premises for the summer season of 1942. The terms of this lease were substantially the same as those of the lease for 1941, except that if the profits realized from the operation of the demised premises exceeded $4,000 the tenants were to pay the defendant any sum in excess thereof not to exceed $500.

The motion for a nonsuit was granted upon the theory that the proof did not show the exercise of the option contained in the original lease; that the subsequent leases were new and independent agreements, and that there was no proof to show that the new leases were the result of services performed by the plaintiffs as brokers. (*Mitchnik* v. *Brennan,* 159 Misc. 287; *Allwin Realty Co.* v. *Barth,* 161 App. Div. 568). All this was held as a matter of law, the learned Trial Justice holding that there was no question of fact to submit to a jury.

We are constrained to differ from this view. On the motion for a nonsuit plaintiffs were entitled to the benefit of the most favorable inferences to be drawn from the evidence. If a jury believed the testimony of Hirshaut as to the admissions he claimed were made by Golden they could have found that the option was exercised. The only requirement for the exercise of the option for the renewal term of 1941 was a payment of $4,500 to the defendant on or before September 4, 1940. If that amount was paid the option was exercised, irrespective of the fact that a somewhat different lease was executed later on. For the purpose of passing upon the motion for nonsuit

the oral testimony produced by the defendant must be ignored. Under these circumstances we cannot say as a matter of law that there was no proof of the exercise of the option. To do so we would have to say either that the alleged admissions of Golden were not in fact made or else, if they were made, that the execution of the subsequent lease destroyed entirely any inferences to be drawn from them. These, however, are not matters of law but issues of fact for a jury to pass upon. This is so, even though the action has been brought upon a written agreement, and, under the present state of the pleadings, the plaintiffs must prove performance as they have alleged it.

In this analysis we have dealt only with the commission alleged to be due for 1941. Since in our view a reversal is required on this phase of the action alone we shall not attempt to foretell what a future trial may disclose as to the rights of the parties with reference to the commission alleged to be due for 1942.

The order and judgment should be reversed and a new trial directed, with costs to abide the event.

All concur.

Order and judgment reversed on the law and facts and a new trial directed, with costs to abide the event.