■ WESLEY D. MILLER REALTY CORP., Respondent, v. ANTHONY CARPENTER et al., Appellants.— In an action to recover a real estate brokerage commission allegedly earned, defendants appeal from an order of the Supreme Court, Suffolk County, dated January 21, 1972, which denied their motion to dismiss the complaint for failure to state a cause of action (CPLR 3211, subd.

[a], par. 7). Order reversed, on the law, with $10 costs and disbursements, motion granted, and complaint dismissed, without prejudice to an application by plaintiff at Special Term for leave to replead (CPLR 3211, subd. [e]). A plaintiff seeking to recover real estate brokerage fees based upon a non-exclusive listing must allege in his complaint that he procured a purchaser for the subject property who was ready, willing and able to buy the property; that a meeting of the minds was reached between the buyer and the seller; that the plaintiff was instrumental in the negotiations leading up to the sale; and that, in fact, he was the procuring cause of the sale (*Popper* v. *Korn,* 218 App. Div. 513; *Trihy* v. *Belsha,* 52 Misc 2d 590, affd. 55 Misc 2d 797; see *Levy* v. *Hayman,* 8 A D 2d 854, app. dsmd. 8 N Y 2d 868). Absent any one of these allegations, the complaint is legally insufficient. At bar, plaintiff alleged in his complaint only that it had received a listing of defendants' property at a proposed selling price of $85,000, later increased to $150,000; that plaintiff's president personally showed the property to two people who, one year subsequent to such showing, purchased the property from defendants; and that the purchase price was $125,000. There is no allegation that plaintiff did anything in furtherance of the sale or that it was in fact the procuring cause thereof. In addition, the complaint does not state that plaintiff was prevented from acting as the procuring cause by any act or omission of defendants. Fraud is not alleged. Therefore, we think the complaint was legally insufficient and should have been dismissed. The record on appeal contains a copy of the complaint and of a bill of particulars. Neither states anything of substance further than is recounted above which would give us cause to grant plaintiff leave to replead pursuant to CPLR 3211 (subd. [e]). In addition, plaintiff did not ask for such permission or submit an affidavit of merits. Rabin, P. J., Hopkins, Martuscello, Latham and Shapiro, JJ., concur.