■ FRAN KOMYATHY, an Infant, by Her Father and Natural Guardian, ERNEST L. KOMYATHY, et al., Appellants, v EAST HAMPTON UNION FREE SCHOOL DISTRICT, Respondent. — In a negligence action to recover damages for personal injuries, etc., plaintiffs appeal from an order of the Supreme Court, Suffolk County, dated August 24, 1979, which, *inter alia,* denied plaintiffs' motion to extend their time to appear for examinations pursuant to section 50-h of the General Municipal Law and dismissed the complaint. Order reversed, without costs or disbursements, plaintiffs' motion granted and defendant's cross motion to dismiss the complaint denied. Plaintiffs' time to comply with order of February 15, 1979 is extended for a period of 30 days after service upon them of a copy of the order to be made hereon, with notice of entry. The justifiable reliance by the attorney for the plaintiffs upon the agreement concededly made by the employees of the respective attorneys to adjourn the examinations (directed by a prior order to be held by May 15, 1979) to May 18, 1979, the continuing inaction of the attorney for the defendant and his failure, prior to May 15, to protest such agreement as not a timely compliance with the order, and his refusal thereafter to conduct the examinations on May 18, 1979, constituted a course of conduct which lulled the plaintiffs' attorney into believing that the agreement would be kept, and militates against the conclusion that plaintiffs' failure to timely comply with the order was willful or deliberate. To the extent that, under such circumstances, Special Term may have treated this conduct as a willful default, it erred. Gibbons, J.P., Rabin, Gulotta and Margett, JJ., concur.

■ SAMMIS GROUP, INC., Respondent, v JERARD GLINER et al., Appellants. — In an action to recover a real estate brokerage commission, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County, dated March 6, 1980, as denied their motion to dismiss the complaint for failure to state a cause of action. Order affirmed insofar as appealed from, with $50 costs and disbursements. On its face, the plaintiff's complaint states a valid cause of action for a real estate brokerage commission earned in connection with the proposed but unconsummated sale of the defendants' home. (Cf. *Miller Realty Corp. v Carpenter,* 41 AD2d 564; see, also, *Rovello v Orofino Realty Co.,* 40 NY2d 633; *Lane — Real Estate Dept. Store v Lawlet Corp.,* 28 NY2d 36.) Lazer, J.P., Gibbons, Gulotta and Cohalan, JJ., concur.