■ RAY DELGROSSO, Appellant, v ANDREW SOLEIMAN et al., Respondents. — In an action to recover a broker's commission, plaintiff appeals from a judgment of the Supreme Court, Westchester County (Beisheim, J.), dated December 21, 1982, which dismissed the complaint after a nonjury trial. ¶ Judgment reversed, on the law and the facts, with costs, plaintiff is awarded judgment in the principal sum of $42,000, with interest from October 22, 1980, and the matter is remitted to the Supreme Court, Westchester County, for entry of an appropriate judgment. ¶ In December, 1978, defendant Andrew Soleiman, as agent for his father Timatheus M. Soleiman, the owner of an apartment building at 461 Riverdale Avenue in Yonkers, ran an advertisement in the *New York Times* in order to sell the building. Plaintiff Ray Delgrosso, a licensed real estate broker, responded, and he and Andrew Soleiman entered into an oral agreement that Delgrosso be employed to sell the property. The trial court accepted plaintiff Delgrosso's testimony that his commission was to be 6% if he could find a buyer who would meet defendants' terms of a sale price of $700,000 with $175,000 in cash, but that the commission would be less if those terms were not met. Defendant Andrew Soleiman thereafter sent the

plaintiff information about the building — plot size, estimated expenses, etc. — from which the plaintiff prepared a property "listing", which identified the property, gave a breakdown of expenses and income, etc., and stated the terms of the sale. Additionally, the listing stated: *"Subject to:* Errors, omissions, changes, withdrawal without notice". The listing was sent to Andrew Soleiman, but at trial, defendants' expert agreed with plaintiff that the listing was intended primarily as a source of information for prospective purchasers. ¶ Delgrosso presented at least two buyers who were rejected by Andrew Soleiman because their offers did not meet the stated terms of sale. However, in October, 1980, Delgrosso did find a buyer who was ready, willing and able to purchase at defendants' terms. When Delgrosso related this information to Andrew Soleiman, he was told that Phillip Soleiman was not the managing agent of the property, and that it was no longer for sale. This action was then commenced to recover plaintiff's brokerage commission. ¶ At trial, defendant Andrew Soleiman presented a very different version of the facts. Particularly, he testified that as early as June, 1980 he had told Delgrosso that the property was no longer for sale, but that Delgrosso continued to call him. Defendants also called attention to the "withdrawal without notice" clause in the listing, and argued that that phrase reserved to them the right to refuse to go through with the deal at any time. They presented a witness, a broker, who testified that such was the meaning of the clause, and that, even without such a clause, no broker earns his commission until the seller accepts the offer of the prospective purchaser. There was no testimony, however, that defendants had relied upon the listing, or that they considered the listing as the contract between the parties; to the contrary, even in their brief, defendants refer to the brokerage agreement in question as an oral one. ¶ The trial court completely accepted plaintiff Delgrosso's testimony as to the facts, but found that the wording of the listing barred his right to recovery. This was incorrect. The general rule is that a broker is entitled to his commission when he produces a buyer who is ready, willing and able to purchase the property according to the terms of the seller, and this rule holds unless the parties have made some agreement to the contrary (see *Lane-Real Estate Dept. Store v Lawlet Corp.,* 28 NY2d 36, 42-44; *Hecht v Meller,* 23 NY2d 301, 305; *Sibbald v Bethlehem Iron Co.,* 83 NY 378, 381-385; *Wagner v Derecktor,* 306 NY 386, 390). ¶ Here, there is no evidence on the record that the parties agreed to vary the general rule. The listing does not appear on its face to constitute a contract between the parties, nor was there any testimony that the parties considered it to be such, or so relied upon it. Defendants' own expert agreed that the listing was intended to give information to prospective buyers and other brokers. Under these circumstances, it does not appear that the parties varied or intended to vary the general rule, and accordingly plaintiff is entitled to his commission. Titone, J. P., Bracken, Brown and Rubin, JJ., concur.