■ WYKAGYL AGENCY, INC., Appellant, v ABRAHAM ROTHSCHILD et al., Respondents. — In an action to recover a real estate brokerage commission allegedly earned, plaintiff appeals from an order of the Supreme Court, Westchester County (Coppola, J.), entered November 12, 1982, which (1) denied its motion for summary judgment and (2) granted summary judgment to defendants, pursuant to CPLR 3212, and dismissed the complaint. ¶ Order affirmed, with costs. ¶ A plaintiff seeking to recover real estate brokerage fees in an unclosed transaction must establish that he or she has procured a prospect who has reached agreement with the seller on essential terms and is

ready, willing and able to perform (see Biskind and Barasch, Law of Real Estate Brokers, § 99.01; *Houlihan Parnes Realtors v Gazivoda,* 100 AD2d 863; *Delgrosso v Soleiman,* 100 AD2d 925; *Miller Realty Corp. v Carpenter,* 41 AD2d 564). From the affidavits and exhibits submitted upon consideration of plaintiff's motion for summary judgment, it is apparent that there never was agreement on the essential terms for the sale of the premises and, therefore, the complaint was properly dismissed. ¶ Neither the memorandum of agreement nor the affidavit submitted by plaintiff in support of its motion for summary judgment specifies that a date for contract or closing had been set. This is a term " 'customarily encountered in such a transaction' " (*Kaelin v Warner,* 27 NY2d 352, 355, quoting *Matter of Altz,* 274 App Div 894, affd 300 NY 607; see *Day Realty v Farkas,* 75 AD2d 783) and in the absence of agreement on that term, plaintiff did not earn any commission (*Day Realty v Farkas, supra*). ¶ Moreover, we find that there was never an agreement as to the price. Originally, the property was listed with plaintiff for $143,000 net and, subsequently, plaintiff obtained a buyer at a gross price of $136,500. Both defendants, Abraham Rothschild and Dorothy Rothschild, appeared at a meeting arranged by the plaintiff for the purpose of signing a binder for the lesser amount. Mr. Rothschild signed, but Mrs. Rothschild did not, although, according to the broker, she "expressed no opinion and no dissent whatsoever". ¶ Since the property was owned by the defendants as tenants by the entirety, Mrs. Rothschild's assent to the reduced purchase price was, of course, essential (see *Coppola v Fredstrom,* 45 AD2d 857). While, in some instances, agreement may be implied by silence (see *Gurney, Becker & Bourne v Benderson Dev. Co.,* 62 AD2d 1165, revd on other grounds 47 NY2d 995), we perceive no basis to do so on this record. It was incumbent upon plaintiff to obtain Mrs. Rothschild's express assent at that time (see *Matter of Albrecht Chem. Co. [Anderson Trading Corp.],* 298 NY 437, 440-441; Simpson & Duesenberg, 6 Encyclopedia of NY Law, Contracts, § 253) and the failure to do so is fatal as she was free to adhere to her initial offer (see *More v New York Bowery Fire Ins. Co.,* 130 NY 537, 545-547). Titone, J. P., Mangano, Thompson and Eiber, JJ., concur.