■ JOHN CONKLIN et al., Respondents, v JAMES HOWELL, Defendant and Third-Party Plaintiff-Respondent. W&W CABINET DISTRIBUTORS, INC., Third-Party Defendant-Appellant.—In an action to recover damages for breach of a contract to supply and install kitchen cabinets, the third-party defendant

appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Kelly, J.), dated July 9, 1984, as deemed all depositions by the parties in the action waived, and denied so much of its cross motion as sought the imposition of sanctions.

Order reversed insofar as appealed from, on the law and as a matter of discretion, with costs payable by the plaintiffs, and it is directed that (1) all parties submit to examinations before trial at a time to be agreed upon by the parties, or, in the event the parties cannot agree, at a time to be fixed by the court upon application of the appellant, and (2) the plaintiffs' attorneys personally pay $250 to the appellant. The plaintiffs' attorneys' time to pay the $250 is extended until 20 days after service upon them of a copy of the order to be made hereon, with notice of entry.

Special Term erred in deeming all depositions waived merely because the parties, without the sanction of the court, agreed to adjourn the court-ordered depositions to a later date *(see, Komyathy v East Hampton Union Free School Dist.,* 80 AD2d 873). However, under the circumstances of this case, since the plaintiffs failed to appear on the agreed-upon adjourned date, the imposition of a monetary sanction of $250 against their attorneys is warranted. Brown, J. P., Weinstein, Niehoff and Spatt, JJ., concur.