Jack Schwartz, Plaintiff, *v.* Paul Mayer, Defendant.

Municipal Court of the City of New York, Borough of The Bronx, May 25, 1950.

*Albert H. Treiman* for plaintiff.

*Barney Rosenstein* for defendant.

Loreto, J. These cross motions, one by the defendant under rule 113 of the Rules of Civil Practice, seeking summary judgment in his favor and the other by the plaintiff under subdivision 6 of rule 109, seeking to strike out the separate defense pleaded in the answer as insufficient on law, are both dependent upon the effect of recently enacted (L. 1949, ch. 203) subdivision 10 of section 31 of the New York Personal Property Law.

This subdivision of the statute, effective September 1, 1949, reads as follows:

" § 31. *Agreements required to be in writing*

" Every agreement, promise or undertaking is void, unless it or some note or memorandum thereof be in writing, and subscribed by the party to be charged therewith, or by his lawful agent, if such agreement, promise or undertaking; * * *

" 10. Is a contract to pay compensation for services rendered in negotiating a loan, or in negotiating the purchase, sale, exchange, renting or leasing of any real estate or interest therein, or of a business opportunity, business, its good will,

inventory, fixtures or an interest therein, including a majority of the voting stock interest in a corporation and including the creating of a partnership interest. This provision shall not apply to a contract to pay compensation to an auctioneer, an attorney at law, or a duly licensed real estate broker or real estate salesman.''

The pleading of this action in short form by indorsement on the summons, as is permitted by the New York City Municipal Court Code, alleges: '' The nature and substance of the cause of action herein is: For commissions earned in obtaining a customer ready, willing and able to purchase a certain bakery business located at 53 West 167th Street, Bronx, N. Y. at the special instance and request of the plaintiff. The plaintiff sold the aforementioned business to the defendant's customer for the sum of $7,000.00. The fair and reasonable value of the commissions earned are $700.00. Demand for payment was made and payment was refused.''

The plaintiff admits by his bill of particulars that he was employed pursuant to an oral agreement. In addition to a general denial the answer alleges as and for an affirmative defense that since the agreement claimed is not in writing it is void by reason of this aforesaid statute.

Although affidavits have been submitted, there is no dispute of the facts upon which these motions can be decided, and the defendant's motion will be treated as if made under subdivision 5 of rule 106. The affidavits submitted admit the sale of the business, but deny the hiring of the plaintiff as broker.

As these motions will be passed upon as motions addressed to the pleadings, they present a pure question of law. And in their determination the court will consider the complaint, as pleaded, and every fair and reasonable inference attributable to it, true. The question raised, is — does the statute pleaded constitute a complete bar to this action?

The court is of the opinion that it is. The only argument the plaintiff urges with some degree of earnestness against its applicability is that this statute may be invoked where the contract is executory but not where the contract has been fully executed, as is here claimed.

The fallacy of the defendant's argument becomes apparent, when it is noted that there are two contracts involved in the picture of this action. One is the agreement of employment of the plaintiff by the defendant. The other is the agreement of sale of the business by the defendant to a third party.

Clearly the former cannot be claimed to be fully performed by both parties. For if it were, the plaintiff would not be in court seeking payment. It must therefore be the claim of full performance by both parties to the latter contract, which the plaintiff asserts takes his claim outside the scope of the statute. But the fact that the contract of sale between the defendant as seller and his purchaser has been fully consummated affords him no help in this case. Ordinarily in the absence of a specific agreement, a broker has earned his right to commissions when he has produced a purchaser ready, willing and able to buy on the terms given to him by the seller. The fact that the seller has executed and delivered a bill of sale and that the purchaser has paid the purchase price, does not create nor make stronger his right to payment for services rendered.

The performance of the contract of sale by both parties to it is beside the point. For here we are concerned with the contract of plaintiff's employment, and only if this agreement is fully executed by both parties may it be deemed to be taken without the operation of the statute in question.

The case of *Tyler* v. *Windels* (186 App. Div. 698, affd. 227 N. Y. 589) is controlling authority for this holding. The Appellate Division by MERRELL, J., there stated (p. 700): "I think defendant's motion should have been granted. The alleged contract upon which plaintiff seeks to recover was clearly void under the provisions of subdivision 1 of section 31 of the Personal Property Law (Consol. Laws, chap. 41; Laws of 1909, chap. 45), and under the decisions in the State of New York nothing short of full performance by both parties will take the contract out of the operation of the statute. The statute, by its terms, makes such a contract, as that upon which plaintiff sues, void. (*Wahl* v. *Barnum,* 116 N. Y. 87; *Price* v. *Press Publishing Co.,* 117 App. Div. 854; *Hubbard* v. *Hubbard,* 151 id. 174; *Wolke* v. *Fleming,* 103 Ind. 105; *Board of Commissioners* v. *Howell,* 21 Ind. App. 495; *Osborne* v. *Kimball,* 41 Kan. 187.)"

Subdivision 1 of section 31 of the act, relating to an agreement which by its terms is not to be performed within one year from its making and subdivision 10 thereof involved in this action, must be considered *in pari materia.* The holding in the *Tyler* case (*supra*) declaring that full performance is needed to remove a contract under subdivision 1 from the condemnation of the statute is equally applicable to a contract for business broker's commissions falling within the scope of subdivision 10.

It may not be doubted that this statute was enacted to help

eliminate the evils and dangers resulting from claims for compensation based on alleged oral agreements. The Law Revision Commission in its recommendation to the Legislature for its enactment, stated: " In recent years there have been a substantial number of reported cases of claims for commissions for services rendered in the sale of a going business or a business opportunity. Under existing law there is no requirement that business brokers' contracts for commissions be in writing. The nature of the transactions is such that, in the absence of the requirement of a writing, unfounded and multiple claims for commissions are frequently asserted, and employers often seek to escape liability by denying the fact of employment. These controversies are commonly resolved by juries on conflicting testimony, with the consequent danger of erroneous verdicts. * * * The Commission believes that the Statute of Frauds, section 31 of the Personal Property Law, should be made applicable to contracts for compensation for services rendered in the sale of a business opportunity, business, or interest therein. * * *." (1949 Report of N. Y. Law Revision Commission, N. Y. Legis. Doc., 1949, No. 65 [G], p. 7.)

Moreover, irrespective of any intent which may be imputed to the Legislature, there is no ambiguity in the language of the statute. And here it is clear that there has been no compliance with it.

Accordingly, the defendant's motion to dismiss the complaint and for judgment in his favor is granted and the plaintiff's motion to strike out the separate defense is necessarily denied. Judgment may be entered in favor of the defendant. Ten days' stay of execution.