BENJAMIN SHAPIRO, Plaintiff, *v.* "JOHN" BROMBERG, Doing Business under the Name of "CORNER DAIRY & DELICATESSEN", Defendant.

Municipal Court of the City of New York, Borough of The Bronx, May 26, 1950.

214

*Paul Wolfe* for defendant.

*Eugene I. Schoenblum* for plaintiff.

LORETO, J. This case involves a situation similar to that presented in the action entitled *Schwartz* v. *Mayer* (198 Misc. 210) decided by this court on this date.

It also involves a suit by a business broker for commissions based on an oral contract of employment. It differs from the other case only in the fact that here the broker claims that he produced a prospective purchaser ready, willing and able to buy on the defendant's terms and that the defendant wrongfully refused to enter into a contract, whereas in the other case the broker claimed that he not only produced the purchaser ready, willing and able to buy, but that the latter actually did buy the defendant's business, thereby consummating the sale. Concededly, here too the agreement of hiring of the plaintiff was oral.

The defendant moves to amend his answer to plead as an affirmative defense subdivision 10 of section 31 of the New York Personal Property Law and he also separately moves to dismiss

the complaint on the ground that it fails to state facts sufficient to constitute a cause of action.

The defendant's motion for leave to amend his answer is granted. His motion for judgment dismissing the complaint on the ground that it fails to state facts sufficient to state a cause of action, is denied. The complaint does state a cause of action. The defense asserting the Statute of Frauds must be pleaded by way of a separate and distinct defense, as is now allowed to warrant the defeat of this action. Under the prayer contained in the notice of motion for further and different relief, this motion now considered as one for judgment dismissing the complaint on the pleadings in view of the amendment to the answer as herein allowed, is hereby granted for the reasons stated in the *Schwartz* case above mentioned.

There remains an additional point to consider. The plaintiff asserts that if the plaintiff cannot recover under the contract, he may recover on *quantum meruit* and urges that the complaint is broad enough to cover both theories. Although the indorsement on the summons merely alleges a claim for services without specifying whether it is based on an agreement, the plaintiff's bill of particulars clearly sets forth that the services claimed are pursuant to an agreement of employment which was oral. This suit is therefore based on an express contract unenforcible by reason of the Statute of Frauds. That the plaintiff may have a cause of action different from that set forth in the complaint may not defeat the defendant's motion for judgment dismissing the complaint (*Elsfelder* v. *Cournand,* 270 App. Div. 162, 165).

As was decided in *Elsfelder* case (*supra*), the defendant's motion to dismiss is granted with leave to the plaintiff to serve an amended complaint, provided such an amended complaint is served within five days from the service of a copy of the order entered herein with notice of entry thereof.