Bertram Harnett, J.
Where a tenant of real property exercises an option to purchase contained in his lease, is the broker who procured the lease entitled to a further brokerage commission on that sale in the absence of a written brokerage agreement to that effect?
Greiner-Maltz Co., Inc. (“broker”) is a licensed real estate broker. Defendants (“ owners ”) were the owners of real property in Huntington Station, Long Island. In November, 1966, the owners entered into a written lease of that property with a third party (“ tenant ”) produced by the broker which provided, among other terms, for an option in the tenant, exercisable at any time up to November 1, 1969, to buy the property. The sole brokerage provision in the lease, which is *80 on a “ Blumberg ” form, is paragraph Twenty-Ninth, captioned “ Broker’s Commissions ”, reads: “ The Landlord hereby recognizes greiwer-mai/ez go. mo., as the broker who negotiated and consummated this lease with the Tenant herein, and agrees that if, as, and when the Tenant exercises the option, if any, contained herein to renew this lease or fails to exercise the the option, if any, contained therein to cancel this lease, the Landlord will pay to said broker a further commission in accordance with the rules and commission rates of the Beal Estate Board in the community. A sale, transfer, or other disposition of the Landlord’s interest in said lease shall not operate to defeat the Landlord’s obligation to pay the said commission to the said broker. The Tenant herein hereby represents to the Landlord that the said broker is the sole and only broker who negotiated and consummated this léase with the Tenant ’ ’. The lease then deals with rental commissions and is silent on sales commission in the event of exercise of the option to purchase.
On January 16, 1970, the tenant purchased the property from the owners for $86,500, and the broker now claims that the owners owe $4,802 in sale commission.
At the outset of the trial the owners moved to dismiss the complaint based upon the broker’s opening statements that the suit was predicated upon an oral agreement. In support of the motion, the owners asserted that the complaint referred only to a written agreement and that the theory of recovery based on an oral agreement, which they claim was asserted for the first time at trial, would cause surprise and prejudice. The court reserved decision on the motion at that time, but now opines that the language of the complaint fairly apprised the owners of the claim being made by the broker. Moreover, the owners took no effective steps to examine, the broker before trial and cannot now complain of their failure to know what they could reasonably have learned. Accordingly, that motion to dismiss is denied.
Testimony by the broker of an oral brokerage agreement made on October 22, 1966 between an agent of the broker and the defendant Samuel S. Stevens was uncontradicted. The broker’s agent testified that Stevens orally agreed to pay a leasing commission based on rent, and that in the event the purchase option were exercised, a sales commission would become due. The broker later submitted to Stevens alone a commission bill dated February 2, 1967 which reiterated the arrangement. That statement was not signed by Stevens, but payment of the leasing commission was subsequently made, *81 and there is no indication that Stevens ever disputed the contents of the bill. The broker’s agent admitted at the trial that he did not know defendants Iaboni and Parante, and that he thought Stevens was the sole owner of the property. In fact, all the defendants owned the property.
Whether a real estate brokerage commission is payable is a matter of understanding between the owner and the broker. (Naum v. Wiltsie, 271 App. Div. 169 ; McVickar v. Roche, 74 App. Div. 397.) A leasing broker, where not party to a lease, is not bound by the commission provisions of that lease. Nor, on the other hand, is a leasing broker entitled to a sale commission on the exercise of an option to purchase contained in a lease simply because he procured that lease. (See Schulz & Co. v. Realty Assoc., 17 N. Y. S. 2d 924 ; 6 N. Y. Jur., Brokers, § 126.)
Ordinarily, a contract to pay compensation for services rendered in negotiating the purchase or lease of any real property must be in writing. However, that rule does not apply in the case of a contract with a licensed real estate broker or salesman (General Obligations Law, § 5-701, subd. 10) unless the contract is one not capable of being performed within a year. (General Obligations Law, § 5-701, subd. 1 ; Tradeways, Inc. v. Chrysler Corp., 342 F. 2d 350, cert. den. 382 U. S. 832.)
Here, the tenant had a three-year period in which to exercise his option to purchase, and could have done so at any time, certainly within one year from the date of the lease. The oral agreement was therefore capable of being performed within one year, and does not fall within the prohibition of the Statute of Frauds. (North Shore Bottling Co. v. Schmidt & Sons, 22 N Y 2d 171. See, also, Bashlin v. 2682 Broadway, Inc., 179 Misc. 1040 ; Brown, Wheelock, Harris, Vought & Co. v. One Park Ave. Corp., 134 Misc. 313.)
Since the court finds, based upon the credible evidence, that an enforceable oral contract did in fact exist, at least as between the broker and the defendant Stevens, the court need not go to the question of whether the payment of the commissions under the February 2, 1967 billing constituted such a part payment as would remove the case from the operation of the Statute of Frauds. (Shapiro v. Bromberg, 198 Misc. 213 ; Schwartz v. Mayer, 198 Misc. 210.)
The broker is therefore entitled to recover the agreed commission of 6% of the sales price, less the agreed upon allowance for the commission earned on the unexpired portion of the lease. *82 The court finds that amount to be $4,802, with interest from January 16, 1970.
There remains for determination only the question of who is responsible for the commission. The broker’s agent testified without contradiction that he believed defendant Stevens to be the sole owner of the property and that the oral contract was made with Stevens. The provision in the lease between the defendants and the tenant whereby all the defendants recognize the broker as the one who negotiated and consummated the lease, admits liability to the broker for further commissions only in the event the tenant exercised the option to renew the lease. No statement is made as to liability in the event the tenant exercised an option to purchase. The broker’s employment was ratified by all the owners in the lease itself, but only to the extent indicated in that ratification. (Biskind and Barasch, The Law of Real Estate Brokers, § 72.)
There appeared from the testimony no ratification of the complete oral brokerage contract by defendant co-owners Iaboni and Parante, and no showing that the other co-owners dealt with the broker at any time in this transaction. The broker did not produce any witness or evidence with respect to Stevens’ management or binding authority, nor any evidence that Iaboni and Parante knew of the oral arrangement nor of the contents of the February 2, 1967 bill to Stevens. Accordingly, those defendants can be liable only if they are legally bound by the acts of their co-owner, Stevens, as a matter of law flowing from their .status.
No testimony was adduced whether defendants held title to the real property as joint tenants or tenants in common. The lease and the subsequent deed do not indicate a joint tenancy, and in the absence of any such indication, the court will presume a tenancy in common. (Real Property Law, § 66 ; Matter of Blumenthal, 236 N. Y. 448 ; Matter of Post, 132 Misc. 209, affd. 224 App. Div. 830 ; Matter of Golan, 100 N. Y. S. 2d 868.)
Ordinarily, one cotenant cannot bind another cotenant by his sole contract (13 N. Y. Jur., Cotenancy and Joint Ownership, § 48) nor does the mere fact of co-ownership create an agency relationship between the co-owners. (Warren v. Hoch, 94 N. Y. S. 2d 738, mod. on other grounds 276 App. Div. 607.) In the absence of express authorization for one co-owner to act in behalf of others (Albert v. Schrank, 203 App. Div. 149), or in the absence of their ratification or acquiescence in his act, the co-owners are not liable to third persons who deal with him. (Valentine v. Healey, 158 N. Y. 369 ; Matter of Bishop, 285 App. *83 Div. 1160, revd. on other grounds 1 N Y 2d 385; Matter of Hoffman, 175 Misc. 607.) Since there was no proof whatsoever that Stevens was authorized to act on behalf of Iaboni or Parante to contract a sales commission, or that the latter two at any time knew of or ratified the oral agreement as to further commissions in the event the tenant purchased the property, only defendant Stevens is liable to the plaintiff.