■ KASSIS MANAGEMENT, INC., Appellant, v SIDNEY MILSTEIN et al., Respondents. [603 NYS2d 458] —Order, Supreme Court, New York County (Carol E. Huff, J.), entered on or about December 23, 1992, which, insofar as appealed from, denied plaintiff's motion pursuant to CPLR 3025 (b) for leave to amend the complaint to include a second cause of action for additional brokerage commissions, unanimously affirmed, with costs.

The IAS Court did not abuse its discretion in denying plaintiff leave to amend its complaint to add a second cause of action, allegedly premised upon newly discovered evidence, seeking additional brokerage commissions based upon the sale of the subject premises, since the proposed amendment, in essence, merely repleaded, in substantially identical terms, a cause of action which was previously dismissed, as a matter of law, by the same court.

The IAS Court properly determined that the proposed amendment was legally insufficient since the 1987 oral brokerage commission agreement, upon which the plaintiff relies, is not capable of performance within one year of its making, and is therefore unenforceable under the Statute of Frauds (General Obligations Law § 5-701 [a] [1]), inasmuch as the lease and executed contract of sale produced by the plaintiff expressly provide that the prospective purchaser may not exercise its

option to purchase until 1993, more than six years after the alleged oral agreement *(compare, Greiner-Maltz Co. v Stevens,* 66 Misc 2d 79). Thus, plaintiff did not earn the additional broker's commission by producing a purchaser who was ready, willing and actually able to purchase the subject premises, within one year, at the terms set by the seller.

Nor does plaintiff's submission of the conditional contract of sale and lease for the subject premises constitute "newly discovered" evidence warranting the proposed amendment, where, as here, the record reveals that the IAS Court, in a prior non-appealed order, had dismissed plaintiff's second cause of action and specifically declared that the plaintiff had no right to an additional brokerage commission upon the future purchase, if any, of the subject premises by the prospective purchaser. Moreover, a routine search of real estate records of the City Register by the plaintiff before the underlying action was commenced would have produced the allegedly "newly discovered" documents.

We have reviewed plaintiff's remaining claims and find them to be without merit. Concur—Ellerin, J. P., Ross, Rubin and Nardelli, JJ.