LHWS LLC v S.L. Green Realty Corp. (2024 NY Slip Op 01272)

LHWS LLC v S.L. Green Realty Corp.

2024 NY Slip Op 01272

Decided on March 12, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 12, 2024

Before: Manzanet-Daniels, J.P., Moulton, Scarpulla, Pitt-Burke, O'Neill Levy, JJ. 

Index No. 653401/20 Appeal No. 1838-1839 Case No. 2023-04710, 2023-05347 

[*1]LHWS LLC, Appellant,
v
S.L. Green Realty Corp., Respondent. 

Rosenfeld & Kaplan, LLP, New York (Steven M. Kaplan of counsel), for appellant.
Kucker Marino Winiarsky & Bittens, LLP, New York (James E. Schwartz of counsel), for respondent.

Order, Supreme Court, New York County (Andrea Masley, J.), entered on or about September 12, 2023, which, to the extent appealed from, denied plaintiff's motion pursuant to CPLR 3025(b) and (c) to amend the complaint to add a second cause of action for breach of contract, unanimously affirmed, without costs. Appeal from so-ordered transcript, same court and Justice, entered on or about October 12, 2023, unanimously dismissed, without costs, as academic.
Supreme Court providently denied plaintiff's motion to amend the complaint. The proposed second cause of action for breach of contract is "palpably insufficient or patently devoid of merit" (Tribeca Space Mgrs., Inc. v Tribeca Mews Ltd., 200 AD3d 626, 628 [1st Dept 2021]), because the alleged agreement to pay plaintiff a real estate broker's commission on the sale of 712 Madison Avenue is barred by the statute of frauds (see General Obligations Law § 5-701[a][1]; Cron v Hargro Fabrics, 91 NY2d 362, 366 [1998]).
Plaintiff's proposed new breach of contract claim is based on the July 2018 oral agreement made when defendant's vice president contacted plaintiff's principal to ask whether she could assist defendant by finding a buyer for the mezzanine loan defendant held on the building at 710 Madison Avenue. The proposed new cause of action for a brokerage commission based on the October 2, 2019 25-year ground lease with an option to purchase 712 Madison that could only be exercised between January 1, 2021 and March 1, 2023, was previously dismissed as barred by the statute of frauds. This Court subsequently upheld that dismissal (LHWS LLC v S.L. Green Realty Corp., 206 AD3d 411, 412 [1st Dept 2022]). The "newly discovered" evidence that the buyer was purportedly able to pay $50 million cash for 712 Madison on March 15, 2019 changes nothing, because ultimately plaintiff broker did not produce "a purchaser who was ready, willing and actually able to purchase the subject premises, within one year, at the terms set by the seller" (Kassis Mgt. v Milstein, 198 AD2d 51, 51-52 [1st Dept 1993]).
We have considered plaintiff's remaining arguments and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 12, 2024