| Black v Ganieva |
| :---: |
| 2024 NY Slip Op 30947(U) |
| March 19, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 654108/2022 |
| Judge: David B. Cohen |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | | | |
|---|---|---|---|
| **PRESENT:** | <u>HON. DAVID B. COHEN</u> | **PART** | **58** |

*Justice*

----------------------------------------------------------------------X

LEON D. BLACK,

                           Plaintiff,

            - v -

GUZEL GANIEVA, WIGDOR LLP

                    Defendant.

----------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 654108/2022 |
| **MOTION DATE** | 09/19/2023 |
| **MOTION SEQ. NO.** | 004 005 006 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 004) 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 69, 71, 72, 73, 79

were read on this motion to/for                 <u>            DISMISSAL           </u>.

The following e-filed documents, listed by NYSCEF document number (Motion 005) 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 70, 74, 75, 76, 78, 81, 82

were read on this motion to/for                 <u>            DISMISSAL           </u>.

The following e-filed documents, listed by NYSCEF document number (Motion 006) 84, 85, 86, 87, 88, 90, 91, 92, 93

were read on this motion to/for         <u>      AMEND CAPTION/PLEADINGS      </u>.

In this action arising from defendant Ganieva's now-dismissed lawsuit against plaintiff, which was filed and litigated by defendant Wigdor LLP on Ganieva's behalf, defendants move, pre-answer, to dismiss the complaint against them (seq. 002 and 003). Plaintiff opposes, and moves for leave to amend his complaint for the second time (seq. 006). Defendants oppose the amendment.

## I.       PERTINENT BACKGROUND

Before this action was filed, Ganieva had asserted various claims against plaintiff, including defamation, all arising from their consensual romantic relationship (Index No. 155262/21) (Ganieva action). In defense to that action, plaintiff had moved to dismiss,

**654108/2022 BLACK, LEON D. vs. GANIEVA, GUZEL ET AL**
**Motion No. 004 005 006**

Page 1 of 4

[* 1]

contending that Ganieva had signed a non-disclosure agreement (NDA) related to their relationship, which barred her from pursuing any claims against him. In May 2023, this Court found that plaintiff was entitled to dismissal as the NDA was binding and enforceable, and that Ganieva had waited too long to try to repudiate it. The salient facts are set forth in the dismissal order.

In this action, plaintiff sued Ganieva for breach of contract and unjust enrichment, and Wigdor for tortious interference with contract (NYSCEF 2). Defendants then moved, pre-answer, to dismiss the complaint.

While the motions were pending, plaintiff filed an amended complaint, and the parties agreed to the withdrawal of the motions to dismiss and to respond to the amended complaint (NYSCEF 38, 29). In April 2023, defendants moved to dismiss the amended complaint.

While the new motions to dismiss were pending, plaintiff's motion to dismiss in the Ganieva action was granted, and the action was dismissed in May 2023.

In August 2023, plaintiff moved to amend his first amended complaint.

## II.    MOTION TO AMEND

As the motion to amend may affect the outcome of the pending motions to dismiss, it is decided first.

Pursuant to CPLR 3025(b), a party may move for leave to amend its complaint, and leave must be "freely given upon such terms as may be just," and if "there is no surprise or prejudice resulting from the delay to the opposing party" (*Ferrer v Go New York Tours Inc.*, 221 AD3d 499 [1st Dept 2023]). The sufficiency or merits of the proposed amendment may not be considered unless "the insufficiency or lack of merit is clear and free from doubt" (*id.* at 500).

**654108/2022   BLACK, LEON D. vs. GANIEVA, GUZEL ET AL**                        **Page 2 of 4**
**Motion No.  004 005 006**

2 of 4

A motion for leave to amend should be denied when the proposed amendment is "palpably insufficient or patently devoid of merit" (*LHWS LLC v S.L. Green Realty Corp.*, ___ AD3d ___, 2024 NY Slip Op 01272 [1st Dept 2024]).

Here, plaintiff seeks leave to amend to add two new legal developments that arose after he filed the first amended complaint, namely, the dismissal of the Ganieva action, and a decision by the Appellate Division, First Department, which reversed this court's decision and granted plaintiff's motion to strike certain scandalous material contained in Ganieva's complaint against him (NYSCEF 86). He observes that there has been no undue delay in moving for leave to amend, that defendants cannot be surprised by the new facts as they were parties in the Ganieva action, and that there is no prejudice as discovery has not yet commenced.

Defendants argue that leave to amend is unwarranted as plaintiff's claims against them are palpably insufficient or patently devoid of merit, as argued in their motions to dismiss, and that the proposed second amended complaint does not cure the legal insufficiency of the first amended complaint.

As plaintiff's proposed amendment adds new facts that did not exist when he filed his first amended complaint but do not change his theories of liability, as discovery has not yet commenced, and as defendants have been aware of the new facts since the pertinent decisions were issued, plaintiff has established that he is entitled to leave to amend (*see Mohammed v New York State Prof. Fire Fighters Assn., Inc.*, 209 AD3d 1151 [3d Dept 2022] [leave to amend should have been granted as defendant could not allege surprise or prejudice as proposed amendment contained facts already known to defendant]).

**654108/2022   BLACK, LEON D. vs. GANIEVA, GUZEL ET AL**
**Motion No.  004 005 006**

**Page 3 of 4**

3 of 4

While defendants submit various arguments attacking the legal sufficiency of plaintiff's claims, they do not demonstrate that the claims are either palpably insufficient or patently devoid of merit or that the insufficiency is clear and free from doubt.

As the pending motions to dismiss are addressed to the first amended complaint, which will be superseded once the second amended complaint becomes the operative pleading, defendants' motions to dismiss are denied as academic. The new facts add additional weight to plaintiff's claims against defendants, and defendants should have an opportunity to address them (*see e.g., Hamill v Hamill*, 218 AD3d 1371 [4th Dept 2023] [dismissing motion to dismiss addressed to first complaint as plaintiff's amended complaint became only operative complaint]).

Accordingly, it is hereby

ORDERED, that plaintiff's motion for leave to amend is granted (seq. 006), and the second amended complaint in the proposed form annexed to the moving papers shall be deemed served upon service of a copy of this order with notice of entry thereof; it is further

ORDERED, that defendants shall serve an answer to the second amended complaint within 20 days from the date of said service; and it is further

ORDERED, that defendants' motions to dismiss the first amended complaint are denied as academic.

20240320133824DCOHEN49E581D510BC42508A446ABA67D1B4D1

| 3/19/2024 | | DAVID B. COHEN, J.S.C. |
| DATE | | |

| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | |
| | | GRANTED | | DENIED | X | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | | REFERENCE |

**654108/2022  BLACK, LEON D. vs. GANIEVA, GUZEL ET AL**
**Motion No.  004 005 006**

Page 4 of 4

4 of 4